UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELI LILLY and COMPANY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-1720-SEB-TAB |
| | ) | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, | ) ) | |
| Defendant. | ) | |

**ORDER ON DISCOVERY MOTIONS**

**I.    Introduction**

Plaintiff Eli Lilly and Company and Defendant Valeant Pharmaceuticals International filed intertwined motions [Docket Nos. 46, 48] regarding the timing of discovery in this case. For the following reasons, Valeant will be permitted to conduct additional discovery to respond to Lilly's summary judgment motion, and the case will proceed without bifurcation.

**II.   Background**

Lilly brought this declaratory judgment and breach of contract action against Valeant. The parties dispute the interpretation of a license agreement, specifically provisions regarding allocation of the costs of third-party claims. Discovery in this case has been limited. On July 7, 2009, the Court entered a confidentiality agreement and protective order, and on August 14, Valeant served interrogatories and document requests on Lilly. [Docket Nos. 38; 40; 47, Ex. A at ¶ 5.]

On August 24, Lilly moved for partial summary judgment seeking interpretation of the agreement. [Docket No. 44.] Valeant moved under Federal Rule of Civil Procedure 56(f) to continue Lilly's summary judgment motion pending further discovery. [Docket No. 46.] In

response to Valeant's Rule 56(f) motion, Lilly moved to bifurcate or stay certain discovery. [Docket No. 48.]

### III. Discussion

#### A. *Valeant's Rule 56(f) Motion*

Federal Rule of Civil Procedure 56(f) provides:

> If a party opposing the [summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken.

Rule 56(f) is intended as a safeguard against a premature grant of summary judgment and is therefore construed liberally. *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994). "A party seeking the protection of Rule 56(f) must make a good faith showing that it cannot respond to the movant's affidavits." *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 n.5 (7th Cir. 2000) (quoting *United States v. All Assets & Equip. of W. Side Bldg. Corp.*, 58 F.3d 1181, 1190 (7th Cir. 1995)). To make a good faith showing, the party invoking Rule 56(f) must explain why it is unable to submit the necessary material to the Court, identify the material facts it anticipates discovering, and demonstrate that it has not been dilatory in pursuing discovery. *Miller v. Account Mgmt. Servs.*, No. 1:07-CV-00231, 2008 WL 596011, at *1 (N.D. Ind. Feb. 29, 2008) (citing *Kalis*, 231 F.3d at 1058 n.5; *Grundstad v. Ritt*, 166 F.3d 867, 873 (7th Cir. 1999)).

In support of its Rule 56(f) motion, Valeant argues that it needs additional discovery relating to the parties' course of performance under the agreement and the negotiation and drafting of the agreement. [Docket No. 47 at 5–6.] Valeant further asserts that it has not been dilatory in pursing discovery, pointing out that it served discovery requests about a month after entry of the parties' confidentiality agreement and protective order and before Lilly filed its

summary judgment motion.  [*Id.* at 6–7.]

Lilly responds that the evidence Valeant seeks would not create a genuine issue of material fact because it is extrinsic evidence that the Court may not consider when interpreting an unambiguous contract.  [Docket No. 50 at 5, 8–9.]  Lilly also points out that it informed Valeant of its intention to move for summary judgment on July 13, and Valeant could have undertaken discovery as soon as after the March 5 Rule 26(f) conference.  [*Id.* at 9–10.]

Valeant replies that evidence of the parties' course of performance is relevant regardless of whether the agreement is unambiguous.  Valeant argues that this is so because the agreement is governed by the U.C.C., under which evidence regarding the parties' course of conduct is always relevant to interpreting a contract.  [Docket No. 53 at 3–4.]  Valeant further argues that the evidence it seeks is relevant to its defenses of waiver, estoppel, and acquiescence.  [*Id.* at 5–7.]

Valeant has made the showing necessary for a Rule 56(f) continuance.  First, Valeant has not been dilatory in pursuing discovery.  The deadline for non-expert witness and liability discovery was set for October 23, 2009.  [Docket Nos. 29 at 8; 30.]  Although it could have served discovery requests sooner, Valeant reasonably served its discovery requests on August 14, well before the deadline and before Lilly's summary judgment motion.  Second, Valeant has identified material facts that it anticipates discovering and has explained by affidavit why it has not obtained these facts.  Although Lilly is correct that extrinsic evidence may not be relevant in interpreting an unambiguous agreement, Valeant may choose to argue that the agreement is ambiguous and support its argument with evidence regarding the parties' course of performance and negotiation and drafting of the agreement.

3

Because Valeant has established that a Rule 56(f) continuance is appropriate, Valeant shall be allowed until February 4, 2010, to complete discovery relating to the parties' course of performance under the agreement and the negotiation and drafting of the agreement, including depositions relating to these issues.

   B.  *Lilly's Motion to Bifurcate or Stay Certain Discovery*

Bifurcation of discovery may be appropriate when separating issues "will avoid unnecessary time and expense and further the interest of expedition . . . ." *Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02 C 2523, 2004 WL 609326, at *2 (N.D. Ill. March 23, 2004). "The decision to bifurcate discovery is a matter committed to the discretion of the trial court as it has the inherent power to control its docket." *Brittingham v. Cerasimo, Inc.*, No. 2:08-CV-216-TLS-PRC, 2008 WL 5156645, at *1 (N.D. Ind. Dec. 8, 2008) (citing *Ocean Atl. Woodland Corp.*, 2004 WL 609326, at *2).

Lilly requests that the Court postpone discovery regarding extrinsic evidence and damages. [Docket No. 49 at 3, 7.] For the reasons given above in conjunction with Valeant's Rule 56(f) motion, the Court denies Lilly's request for bifurcation of discovery regarding extrinsic evidence. Regarding damages, Lilly argues that bifurcation is appropriate because Valeant's requests regarding damages are broad and could be rendered moot by summary judgment. [*Id.* at 7.] Lilly also argues that some of the material sought by damages discovery contains privileged information, and Lilly and/or Valeant could be significantly prejudiced if that information were disclosed to product liability claimants. [*Id.*]

Valeant responds that the Magistrate Judge has already overruled Lilly's bifurcation proposal, and the issue of damages will remain regardless of whether Lilly prevails on its

summary judgment motion. [Docket No. 54 at 8–9.] Valeant also points out that its counterclaim against Lilly will require damages discovery. [*Id.* at 10.] Finally, Valeant argues that Lilly's privilege concerns do not support bifurcation because Lilly waived privilege by placing the costs of legal work at issue. [*Id.*]

Valeant is correct that the Magistrate Judge has already overruled Lilly's bifurcation proposal. [Docket Nos. 29–30.] This ruling will not be revisited here. Regardless of the outcome of Lilly's summary judgment motion, damages discovery will be necessary—either as the final issue or in preparation for a full trial. And damages discovery will be necessary for Valeant's counterclaim. Lilly's concerns about privileged documents are adequately addressed by the parties' confidentiality agreement and protective order. [Docket No. 41, Ex. 1 at 2.]

## IV. Conclusion

Valeant's Rule 56(f) motion [Docket No. 46] is granted, and Valeant is permitted until February 4, 2010, to complete discovery regarding the parties' course of performance and negotiation and drafting of the agreement. Lilly's motion to bifurcate or stay certain discovery [Docket No. 48] is denied.

Date: 12/04/2009

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Elizabeth Abbne Coleman
JENNER & BLOCK, LLP
ecoleman@jenner.com

Larry Gene Evans
HOEPPNER WAGNER & EVANS LLP
levans@hwelaw.com

Casey T. Grabenstein
JENNER & BLOCK LLP
cgrabenstein@jenner.com

F. Joseph Jaskowiak
HOEPPNER WAGNER & EVANS LLP
jjaskowiak@hwelaw.com

Mary Nold Larimore
ICE MILLER LLP
larimore@icemiller.com

Kimberly C. Metzger
ICE MILLER LLP
kimberly.metzger@icemiller.com

Rebecca J. Seamands
ICE MILLER LLP
seamands@icemiller.com

Lise T. Spacapan
JENNER & BLOCK, LLP
lspacapan@jenner.com