IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, an Indiana Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| VALEANT PHARMACEUTICALS INTERNATIONAL, a Delaware Corporation, | ) Case No. 1:08-cv-1720-SEB-TAB ) ) ) ) |
| Defendant/Counterclaim-Plaintiff, | ) ) ) |
| v. | ) ) |
| ELI LILLY AND COMPANY, Counterclaim-Defendant. | ) ) ) |

**VALEANT PHARMACEUTICALS INTERNATIONAL'S
RENEWED MOTION TO COMPEL ELI LILLY AND COMPANY
TO PRODUCE DOCUMENTS AND REQUEST FOR EXPEDITED BRIEFING**

Defendant Valeant Pharmaceuticals International ("Valeant"), by and through its attorneys, renews portions of its original, previously withdrawn Motion to Compel [Docket No. 60] and moves this Court for entry of an order compelling Plaintiff Eli Lilly and Company ("Lilly") to produce certain documents. Valeant also requests expedited briefing on this motion, in light of the pending discovery deadlines, and the number of times certain of these issues have already been briefed by the parties. In support of this motion, Valeant states as follows:

**INTRODUCTION**

Valeant filed its original Motion to Compel [Docket No. 60] in this matter on November 16, 2009. During the briefing of the Motion to Compel, the Court issued its Order on Discovery Motions ("Order") [Docket No. 64] on December 4, 2009. In the Order, the Court (1) denied Lilly's efforts to bifurcate or stay discovery and (2) held that Lilly's privilege concerns were

"adequately addressed by the parties' confidentiality agreement and protective order." [Docket No. 64 at 5.]

Because the Order provided the relief sought in Valeant's Motion to Compel, Valeant withdrew its Motion to Compel through its Reply Brief [Docket No. 65] and sought leave to re-file it if necessary. Thereafter, in two letters sent by Lilly after the Court issued its Order, Lilly indicated that it will not comply with certain aspects of the Order. Those two letters also raise concerns about Lilly's efforts to identify responsive documents and the timing of their production as set forth below. Because Valeant served its discovery requests on August 13, 2009 and there remain serious defects in Lilly's production to date, Valeant respectfully seeks relief from the Court's discovery schedule to the extent necessary to order Lilly to comply with its discovery obligations.

Valeant also respectfully seeks an expedited briefing schedule on this motion since the deadlines for liability discovery and Valeant's response to Lilly's Motion for Partial Summary Judgment are fast approaching, and the deadline for damages discovery follows soon thereafter. The deadline for liability discovery is currently February 4, 2010. Valeant's deadline for responding to Lilly's Motion for Partial Summary Judgment is March 4, 2010. Because of Lilly's dilatory discovery actions, Valeant is faced with either deposing Lilly witnesses without certain documents requested four months ago, or foregoing the depositions until this motion is resolved and documents are produced. Valeant should not have been forced into this position by Lilly's failure to conduct discovery with good faith and diligence.

The issues presented in this motion have been discussed in several motion papers, orders, and meet and confer conferences. The issues relating Document Request No. 14 were extensively briefed in Lilly's Motion to Bifurcate or Stay Certain Discovery [Docket Nos. 48,

2

49, 54, 55]. Lilly's efforts to delay the production of invoices and documents responsive to Document Request Nos. 4 and 5 were also the subject of that motion. The documents Valeant is seeking pursuant to Document Request No. 11 were discussed during a November 23, 2009 meet and confer conference. Finally, counsel for Valeant sent a letter regarding the discovery deficiencies at issue in this motion to counsel for Lilly on December 18, 2009. (L. Spacapan December 18, 2009 Letter to R. Seamands, attached as Exhibit A.) Counsel for Lilly responded via e-mail on December 22, 2009. (R. Seamands December 22, 2009 E-mail to L. Spacapan, attached as Exhibit B.)

## ARGUMENT

### I. Lilly Should Be Compelled To Produce Documents Responsive To Document Request No. 14.

Document Request No. 14 seeks "[a]ll work product that, under Lilly's interpretation of the Agreement, Valeant is now required to pay for, but has not yet received from Lilly." [Docket No. 60, Ex. 1] In response to that request, Lilly made the following objection in its discovery responses:

> This request is overly broad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this contract dispute. Additionally, this request seeks information protected by the attorney client privilege and work product privilege. Valeant's Request is an attempt to obtain the work product that Lilly has developed in defending the Product Liability Claims without Valeant having to contribute to the costs of preparing it as required by the parties' Agreement. Lilly's work product in defending the Product Liability Claims has no relevance to the contract dispute between Lilly and Valeant, and Valeant is improperly attempting to use discovery in this case to obtain this information for its own use in defending the Product Liability Claims.

[Docket No. 60, Ex. C.]

In its December 15, 2009 letter, Lilly also indicated that, contrary to the Court's December 4, 2009 Order, it would not produce documents responsive to Document Request No.

14.  (R. Seamands December 15, 2009 Letter to L. Spacapan, attached as Exhibit C.)  In its December 15, 2009 letter, Lilly argued that "[t]he Order denying Lilly's Motion to Bifurcate . . . did not address Lilly's objections in response to Valeant's Request No. 14." (*Id.*)  Further, Lilly stated that it "stands on" the objections that it made in response to Request No. 14.  (*Id.*)

### A. The Court Has Already Ruled On Lilly's Objections To Request No. 14.

The Court's Order did address the objections set forth in Lilly's response to Request No. 14, because Lilly presented those same exact arguments in its Motion to Stay or Bifurcate Certain Discovery [Docket Nos. 48 and 49].  Lilly's Motion to Stay or Bifurcate Certain discovery was brought pursuant to Rule 26(c), which allows a court to enter a protective order preventing certain discovery.  [Docket No. 49, at 2.]  In that motion, Lilly argued that Document Request No. 14 sought documents that were "in no way relevant to the issues in this contract dispute."  [Docket No. 49, at 5.]  Lilly also specifically argued that Valeant was improperly seeking documents protected by the work product doctrine or attorney-client privilege through Document Request No. 14.  (*Id.*)  Finally, Lilly also argued with respect to Document Request No. 14, that Valeant was improperly seeking work product so that it could use it in other cases.  [Docket No. 49, at 5 n.3.]

Furthermore, in its Order, the Court recognized Lilly's objections to Valeant's damages discovery, including Request No. 14.  The court noted that "Lilly argues that . . . Valeant's requests regarding damages *are broad* and could be rendered moot by summary judgment.  Lilly also argues that some of the material sought by damages discovery *contains privileged information*, and Lilly . . . *could be significantly prejudiced* if that information were disclosed to product liability claimants." [Docket No. 64, at 4] (emphasis added).

4

Thus, throughout its motion for a protective order, Lilly raised the same objections it made in response to Document Request No. 14. The Court acknowledged those arguments in its Order. Despite Lilly's arguments, the Court denied Lilly's motion for a protective order postponing certain discovery and ruled that "Lilly's concerns about privileged documents are adequately addressed by the parties' confidentiality agreement and protective order." [Docket No. 64, at 5.] In sum, Lilly has no objection left to "stand on."

### B. Lilly's Objections To Document Request No. 14 Are Improper.

As set forth above, it is Valeant's position that the Court already ruled on Lilly's objections to Request No. 14 because those objections were raised throughout its Motion to Stay or Bifurcate Certain Discovery. In any event, the Court clearly addressed Lilly's privilege concerns. To the extent that the Court feels it should address Lilly's other, non-privilege objections to Request No. 14 in the context of this motion, Valeant briefly addresses those objections again here.

#### 1. *Lilly's Relevance and Overbreadth Objection to Document Request No. 14.*

Lilly objects to Document Request No. 14 on the grounds that its work product from the underlying Permax product liability claims is irrelevant to this contract dispute. Lilly states that the request is "overly broad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this contract dispute." [Docket No. 60, Ex. C.] Lilly is incorrect because, as the Northern District of Illinois explained in a very similar case, "[t]he documents are the only source to determine the reasonableness of the defense and settlement costs for which [Valeant] is presently being asked to pay." *Abbott Laboratories v. Alpha Therapeutic Corporation*, 200 F.R.D. 401, 411 (N.D. Ill. 2001). Without being able to examine the work product that Valeant is being asked to pay millions of dollars for,

5

Valeant will have no way to challenge Lilly's calculation of its damages. Accordingly, these documents are absolutely essential to Valeant's defense and, therefore, are obviously relevant.

> 2. *Lilly's Objection that Valeant Will Use Work Product in Underlying Litigation.*

Lilly also objected to Request No. 14 on the grounds that Valeant will attempt to use its work product in future Permax product liability claims. In its objection, Lilly stated that "Valeant's Request is an attempt to obtain work product that Lilly has developed in defending the Product Liability Claims without Valeant having to contribute to the costs of preparing it as required by the parties' Agreement." [Docket No. 60, Ex. C.]

As the Court explained in its Order, Valeant and Lilly are bound by the terms of the parties' Confidentiality Agreement and Protective Order ("Protective Order") [Docket No. 42]. The Protective Order prevents Valeant from using work product produced in this case in any other cases. Paragraph 11 of the Protective Order provides that:

> Any disclosure of privileged information between the parties in the present litigation shall not operate as a waiver of any applicable privilege in any other federal or state proceeding, and the parties' agreement regarding the effect of such disclosure of privileged information shall be binding.

Additionally, pursuant to Paragraphs 3(d) and 3(e) of the Protective Order, Lilly's work product would surely be classified as "Confidential Material." Under Paragraph 18 of the Protective Order, Valeant is obligated to return or destroy any Confidential Materials within sixty (60) days of the termination of this litigation.

In sum, this Court has already addressed Lilly's objections to Document Request No. 14. To the extent the Court has not addressed Lilly's non-privilege objections, those objections do not justify Lilly's refusal to produce responsive documents.

**II.     There Is No Basis For Lilly's Proposal To Produce Invoices And Related Documents In February.**

On August 13, 2009, Valeant served its First Set of Requests for Production of Documents to Lilly [Docket No. 59, Ex. A.]. That set of requests sought Lilly's (1) invoices for Permax product liability claims and (2) documents demonstrating that those invoices were paid by Lilly. (*See* Docket No. 59, Ex. A, Requests Nos. 5 and 6.) On December 15, 2009, Lilly served similar requests on Valeant. (*See* R. Seamands December 15, 2009 Letter to L. Spacapan, attached as Exhibit C, at 3.) Despite the fact that Valeant's document requests have been pending for over four (4) months (and the fact that Lilly had just served similar requests that day), Lilly proposed in its December 15, 2009 letter that the parties simultaneously exchange invoices on February 1, 2010. (*Id.*)

Lilly's proposal is improper. Lilly lost its Motion to Bifurcate or Stay Certain Discovery on December 4, 2009. It should not take two months to produce invoices, especially when the requests have been pending since August.

Furthermore, there is no basis for an "exchange" of these types of documents as Lilly suggests. Valeant anticipates that in response to this motion, Lilly will argue--again--that Valeant should produce both invoices and work product documents as Valeant has requested in requests 5, 6 and 14. For three reasons, Lilly is wrong. First, Lilly just served document requests seeking similar documents, and Valeant's time for responding or objecting has not yet even run. Second, Valeant plans to object to the production of such documents. Valeant is not now and never has made a claim for its own national counsel attorneys' fees. The Agreement at issue in this case does not contemplate that Lilly and Valeant would reimburse each other for the attorneys' fees of their separately retained national counsel. Valeant believes the Court will

7

ultimately rule in its favor on this point, and Valeant has no expectation of changing its position in the future.

Lilly has tried to make much of Valeant's statement in its Confidential Settlement Demand that "[w]hile Valeant disputes that it is obligated to share the cost of Lilly's legal fees, it is not waiving its right to recover its own defense costs should this Court determine otherwise." But Valeant recognizes that after the court rules on this matter, Valeant would, if it unexpectedly lost on this point, need to seek leave of Court to supplement and seek recovery of Valeant's own national counsel fees. Under this hypothetical circumstance, Lilly would of course be free to argue that it is too late and Valeant should not be permitted to do so. That is simply a scenario Valeant does not expect to happen, but recognizes the risks involved. Try as it might, Lilly cannot turn this case into one where Valeant is seeking national counsel fees from Lilly--because Valeant is not. Therefore, Lilly's proposal for an "exchange" of information in this regard is unfounded. If Lilly intends to continue to pursue millions of dollars in defense costs from Valeant, it must provide the material the Court already ruled must be produced.

### III. Lilly Should Be Compelled To Produce Documents Responsive To Valeant's Document Request No. 11.

Valeant's Document Request No. 11 seeks "[d]ocuments relating to any analysis regarding the potential link between valvular heart disease and Permax . . . ." [*See* Docket No. 59, Ex. A, Request No. 11.] As background to this request, Valeant provides the Court with certain undisputable facts. When Valeant purchased Amarin Pharmaceuticals, Inc. ("API"), API's corporate parent, Amarin plc, held a license from Lilly to sell Permax. Lilly had developed and tested the drug. Lilly began manufacturing the drug in 1989, approximately fifteen (15) years before Valeant acquired the license to distribute the drug from Amarin plc and Lilly on February 25, 2004. Two years earlier, a potential link between Permax and valvular

heart disease was drawn in a 2002 article published in *Mayo Clinic Proceedings*. Indeed, the parties included disclosures regarding Permax product liability claims in the February 25, 2004 Letter Agreement which is the subject of this indemnity lawsuit. Therefore, what Lilly knew about the potential link between valvular heart disease and Permax at the time the parties' Letter Agreement was executed is directly relevant to this lawsuit. Thus, Document Request No. 11 relates to a central issue in this lawsuit. Yet, Lilly appears to be dodging a reasonable production of responsive documents. First, Lilly referred Valeant to over 340,000 pages of documents that were produced in a *different case*. Second, Lilly claims that based on the parties' discussion during a meet and confer on this request, Lilly collected and produced documents regarding *Lilly's own due diligence of Valeant* at the time of the February 25, 2004 agreement. The latter is not what Valeant requested of Lilly, and these two actions do not reasonably discharge Lilly's discovery obligations.

      **A.    Lilly Cannot Discharge Its Discovery Obligations by Merely Referencing Documents Produced in Other Cases.**

Lilly is improperly attempting to discharge its discovery obligations with respect to Document Request No. 11 by referencing hundreds of thousands of documents produced in other cases--product liability cases where the requests were not the same as Valeant has made in this indemnity lawsuit. In its December 7, 2009 letter, Lilly indicated that it would not produce documents responsive to Document Request No. 11 and instead merely referenced documents produced in other cases. (R. Seamands December 7, 2009 Letter to L. Spacapan, attached as Exhibit D.) Specifically, Lilly stated that Valeant should review documents produced in two underlying Permax product liability cases pending in other jurisdictions, *O'Brien v. Eli Lilly and Company* and *Hagerman v. Eli Lilly and Company*. Lilly stated that:

> Documents containing information that *may* be responsive to Valeant's overly broad Request No. 11 have been produced to Valeant in conjunction with Lilly's production in O'Brien/Hagerman. (See Lilly000001 - 0340818, produced in O'Brien/Hagerman on October 19 and November 18, 2009).

(*Id.*) (emphasis added).

Lilly's efforts to discharge its discovery obligations in this manner are improper for several reasons. First, Lilly must actually produce responsive documents in *this* case. It cannot merely reference documents produced in other cases where there were different document requests at issue. For example, plaintiffs in the underlying Permax product liability cases have requested several categories of documents that have nothing to do with Document Request No. 11. Plaintiffs in the underlying cases have requested documents relating to the advertising and marketing of Permax, the financial status of the defendants, instructions on the use of Permax, and communications between defendants. There is simply no basis in the Federal Rules of Civil Procedure for producing documents in this manner. Second, the parties entered into similar confidentiality agreements and protective orders in *O'Brien* and *Hagerman*, so Valeant is precluded from using the documents produced in those cases in the present matter. Finally, Lilly referenced over 340,000 pages of documents produced in other cases that "*may*" be responsive to Valeant's requests. It is not Valeant's obligation to sift through those documents to determine what *actually is* responsive to its requests. Lilly must identify those documents and produce them in this case.

### B. Lilly Has Failed To Produce Documents Relating To What Information Relating To The Health Risks Associated With Permax Was Provided To, Or Withheld From, Valeant Prior To The Execution Of The Agreement.

The parties met and conferred via telephone regarding various discovery issues on November 23, 2009. During that call, counsel for Valeant requested that counsel for Lilly confirm that Lilly was producing documents relating to any information provided to, or withheld

10

from, Valeant regarding the health risks associated with Permax in connection with Valeant's due diligence on the drug.  Counsel for Valeant indicated that Valeant was seeking such documents in connection with Valeant's Document Request No. 11, which, as noted above, asks for "[d]ocuments relating to any analysis regarding the potential link between valvular heart disease and Permax . . . ." [*See* Docket No. 59, Ex. A, Request No. 11.]  In its December 7, 2009 letter, Lilly stated that "[f]ollowing up on our discussion on November 23, 2009, we have confirmed that among the documents being produced are documents regarding the due diligence inquiry *by Lilly* prior to entering the 2004 Letter Agreement."  (Ex. D) (emphasis added).

Counsel for Valeant never mentioned Lilly's *own* due diligence of Valeant prior to the execution of the 2004 Letter Agreement.  Moreover, Document Request No. 11 clearly calls for documents relating to the health risks associated with Permax.  Finally, Lilly is aware that Valeant is pursuing discovery relevant to a potential fraud-in-the-inducement defense.  (*See* R. Seamands October 30, 2009 Letter to L. Spacapan, attached as Exhibit E) (discussing Valeant's potential fraud-in-the-inducement claim).  Accordingly, it is inconceivable that Lilly could have somehow thought that Valeant was seeking documents relating Lilly's due diligence of Valeant.  It is not clear whether Lilly's letter is a deliberate attempt at obfuscation or just a misunderstanding.  In any event, documents relating to any information regarding the health risks associated with Permax provided to, or withheld from, Valeant prior to the execution of the Agreement must be produced immediately.

In sum, Lilly should be compelled to produce documents responsive to Document Request No. 11 *in this case*, including documents relating to any information provided to, or withheld from, Valeant prior to the execution of the letter agreement regarding the health risks associated with Permax.

11

## **CONCLUSION**

For all of the foregoing reasons, the Court should grant Valeant's Renewed Motion to Compel.

WHEREFORE, Valeant respectfully requests that the Court:

    a.    set an expedited briefing schedule for this motion;

    b.    order Lilly to produce documents responsive to Document Request No. 11 in this case;

    c.    order Lilly to produce documents relating to any information provided to, or withheld from, Valeant prior to the execution of the Letter Agreement regarding the health risks associated with Permax;

    d.    order Lilly to produce documents responsive to Document Requests Nos. 5 and 6 by January 8, 2010;

    e.    order Lilly to produce documents responsive to Document Request No. 14; and

    f.    grant any other proper relief.

Dated: December 23, 2009                                Respectfully submitted,

                                                               VALEANT PHARMACEUTICALS INTERNATIONAL,

                                                               By:   /s/ Lise T. Spacapan
                                                                       One of its Attorneys

Lise T. Spacapan
Elizabeth A. Coleman
Casey T. Grabenstein
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Telephone: 312 222-9350
Facsimile: 312 527-0484

F. Joseph Jaskowiak
Larry Gene Evans
HOEPPNER WAGNER & EVANS LLP
1000 East 80th Place
Suite 606S
P.O. Box 10627
Merillville, Indiana 46410
Telephone: 219 769-6552
Facsimile: 219 738-2349

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2009, I served **Valeant Pharmaceuticals International's Renewed Motion to Compel Eli Lilly and Company to Produce Documents and Request for Expedited Briefing** to the following via ECF:

Kimberly C. Metzger
Mary Nold Larimore
Rebecca J. Seamands
ICE MILLER LLP
One American Square
P.O. Box 82001
Indianapolis, IN 46204
kimberly.metzger@icemiller.com
larimore@icemiller.com
seamands@icemiller.com

/s/ Casey T. Grabenstein
Casey T. Grabenstein