IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, an Indiana Corporation, | ) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| VALEANT PHARMACEUTICALS INTERNATIONAL, a Delaware Corporation, | ) ) ) ) Case No. l:08-cv-1720-SEB-TAB |
| Defendant/Counterclaim-Plaintiff, | ) ) ) |
| ELI LILLY AND COMPANY, | ) ) ) |
| Counterclaim-Defendant. | ) |

## ELI LILLY AND COMPANY'S OBJECTION TO VALEANT PHARMACEUTICAL INTERNATIONAL'S REQUEST FOR EXPEDITED BRIEFING

Eli Lilly and Company ("Lilly"), by counsel, objects to Valeant Pharmaceutical International's ("Valeant's") request for expedited briefing on Valeant's Renewed Motion to Compel Eli Lilly and Company to Produce Documents ("Valeant's Renewed Motion to Compel") [docket no. 67], and in support thereof states as follows:

1. Lilly will prepare and file in a separate submission its response to Valeant's Renewed Motion to Compel ("Lilly's Response").

2. Contrary to the need for expediency reported in Valeant's Request for Expedited Briefing, the facts reveal that Valeant, for its part, showed no urgency in bringing its motion, which it waited until after business hours on December 23, 2009 to file. Moreover, contrary to Valeant's contentions, there is no need for expedited briefing because the issues in dispute either involve damages issues, the discovery schedule for which does not expire until April 4, 2010, or

they relate to an unasserted claim regarding which Valeant already has received responsive documents.

3. On December 7, 2009, Lilly produced approximately 20,900 pages of documents in this matter, and identified for Valeant another more than 340,000 pages of documents already in Valeant's possession that contained information responsive to Valeant's overly broad document Request No. 11. (Exhibit D to Valeant's Renewed Motion to Compel). Valeant had moved to compel production of these documents and previously had refused to narrow the scope of its request notwithstanding Lilly's objections and explanations as to concerns regarding overbreadth. (Docket No. 60; Exhibit 1 attached hereto).

4. On December 8, 2009, Valeant filed its Reply Brief Withdrawing its [prior] Motion to Compel ("Reply Brief") in which it asserted that it believed the issues in its motion were rendered moot by the Court's December 4, 2009 Order ruling on Lilly's Motion to Bifurcate or Stay Certain Discovery and on Valeant's Rule 56(f) Motion. (Docket No. 65). In its Reply Brief, Valeant noted having received Lilly's December 7, 2009 production. Valeant raised no concerns regarding Lilly's December 7, 2009 correspondence about which it now complains.

5. In an effort to avoid any ongoing misunderstanding, Lilly notified Valeant on December 15, 2009 as to its understanding of the Court's December 4 Order and advised Valeant that, contrary to the implications in Valeant's Reply Brief, Lilly did not believe that the Court's December 4 Order had addressed Lilly's objections to Valeant's Request No. 14. Lilly also asked Valeant to clarify its position regarding its Request No. 14. (Exhibit C to Valeant's Renewed Motion to Compel).

6. Lilly further explained to Valeant in follow-up correspondence that Lilly understood the Court's December 4 Order regarding bifurcation and the Rule 56(f) motion was a

ruling as to the timing of discovery, and was not an order compelling Lilly to produce documents responsive to Request No. 14, as Valeant now argues, as that was one of the issues before the Court by virtue of the parties' briefing on Valeant's prior Motion to Compel, which motion had been withdrawn by Valeant. (Exhibit 2, attached).

7.  On December 16, 17, and 18, 2009, Valeant sent correspondence to Lilly, which among other things stated that Valeant was going to file another motion to compel. (Exhibit 2; Exhibit A to Valeant's Renewed Motion to Compel).

8.  Lilly sent correspondence to Valeant seeking to schedule an attorney conference as required by Local Rule 37.1. (See Exhibit B to Valeant's Renewed Motion to Compel; Exhibit 2). Those efforts were repeatedly rebuked by Valeant and no attorney conference was conducted in advance of Valeant filing its Renewed Motion to Compel. (Exhibit 2.)

9.  Valeant received the correspondence that is the subject of its Renewed Motion to Compel on December 7 and December 15, respectively. Nevertheless, Valeant waited until after the close of business on December 23, 2009 to file its motion. It also requested, without any prior notice to Lilly, an expedited briefing schedule that literally would commence on Christmas Eve.

10.  There is no emergency here. Lilly has produced documents responsive to Valeant's requests regarding liability, thus allowing Valeant to prepare for depositions in accordance with the Court's amended case management order. Valeant's motion seeks relief with respect to its Requests Nos. 5, 6, 11 and 14. Requests Nos. 5, 6 and 14 all relate to damages issues for which the discovery period does not expire until April 4, 2010. Two of the three witnesses Valeant has requested for deposition (Randy Loser and Guy Cipriani) have not been involved in the product liability claims and thus would have no information regarding

documents requested in Requests Nos. 5, 6 and 14.  Thus, the issues before the Court on Valeant's Renewed Motion to Compel do not hinder Valeant's ability to proceed with these depositions.

11. The third witness Valeant has requested for deposition, Jim Burns, has had ongoing involvement in the product liability claims.  Had Valeant complied with its obligations for a meet and confer, Lilly and Valeant could have discussed options such as keeping Mr. Burns' deposition open to address any later-produced documents in a follow-up deposition on damages only, to be taken prior to the April 4, 2010 deadline.  Valeant's Requests Nos. 5, 6, and 14 have no bearing on Lilly's Motion for Partial Summary Judgment, and thus do not impede Valeant's ability to proceed with liability discovery and to take whatever depositions it deems necessary for it to file its response to Lilly's Motion for Partial Summary Judgment by the March 4, 2010 deadline.

12. Though Lilly will respond in more detail in Lilly's Response, Valeant's complaints that Lilly has produced too many documents in response to Valeant's Request No. 11, thereby limiting Valeant's ability to conduct discovery on a potential, unasserted claim, do not justify the expedited schedule that Valeant seeks.  Not only is Valeant's version of the facts leading up to this dispute inaccurate (which will be addressed in Lilly's Response), but fundamentally, Valeant is moving to compel discovery on issues that it admits are related to a potential fraud-in-the-inducement claim that has not even been asserted in this case.   The 2000 comments to Federal Rule of Civil Procedure 26(b)(1) state:

> "The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings."

The federal district court in the Northern District of Illinois cited these comments and observed, "The 2000 Amendment explicitly limited the scope of discovery to the "claim or defense of any party" identified in the pleadings without leave of court." *American Roller Co., LLC v. Foster-Adams Leasing, LLP* 2006 WL 1371441, 3 (N.D.Ill., 2006); see also *McCurdy v. Wedgewood Capital Management Co., Inc*. 1998 WL 964185, 11 (E.D.Pa.) (E.D.Pa. 1998) ("This court finds that disclosing information relevant only to a prospective claim exceeds the scope of the subject matter of the present action. A complaint is not 'a hunting license to discover whether, in fact, a viable claim may be alleged ... The discovery rules are designed to support a properly pleaded cause of action and to prepare defenses to charges made-not to discover whether a claim exists.' [internal citations omitted]. Consequently, Plaintiff is not entitled to discovery merely to determine whether or not additional, unasserted claims might exist.")

13. Valeant's request for an expedited briefing schedule, which would require only Lilly to prepare and file a pleading during the middle of the holidays, should be denied.

WHEREFORE, Lilly respectfully requests the Court deny Valeant's Request for Expedited Briefing Schedule, and for all other proper relief.

Respectfully Submitted,

ICE MILLER LLP

*/s/ Rebecca J. Seamands*
Mary Nold Larimore
Rebecca J. Seamands
Kimberly C. Metzger
One American Square, Suite 2900
Indianapolis, Indiana 46282-0200
(317) 236-2100
*Attorneys for Plaintiff Eli Lilly and Co.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2009, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

    Elizabeth Abbne Coleman
    JENNER & BLOCK, LLP
    ecoleman@jenner.com

    Larry Gene Evans
    HOEPPNER WAGNER & EVANS LLP
    levans@hwelaw.com

    F. Joseph Jaskowiak
    HOEPPNER WAGNER & EVANS LLP
    jjaskowiak@hwelaw.com

    Lise T. Spacapan
    JENNER & BLOCK, LLP
    lspacapan@jenner.com

    Casey T. Grabenstein
    JENNER & BLOCK, LLP
    cgrabenstein@jenner.com

    /s/  *Rebecca J. Seamands*
    Rebecca J. Seamands

I/2420304.1