IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELI LILLY AND COMPANY, an Indiana Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:08-cv-1720-SEB-TAB |
| VALEANT PHARMACEUTICALS INTERNATIONAL, a Delaware Corporation, | ) ) ) ) | |
| Defendant/Counterclaim-Plaintiff, | ) ) ) | |
| v. | ) ) | |
| ELI LILLY AND COMPANY, Counterclaim-Defendant. | ) ) ) | |

**VALEANT PHARMACEUTICALS INTERNATIONAL'S
REPLY BRIEF IN SUPPORT OF ITS RENEWED MOTION TO COMPEL**

Valeant met and conferred on all of the issues raised in its Motion.  Indeed, the issues have been the subject of dispute for many months.  The Court ruled in Valeant's favor on two motions that raised the same issue relating to work product that are at issue here.

Lilly has continuously resisted Valeant's reasonable discovery requests.  In response to document requests central to this dispute relating to the link between Permax valvular heart disease, Lilly failed to produce a single document.  Instead, Lilly directed Valeant to voluminous document productions Lilly made in other, unrelated product liability cases.   With respect to Lilly's multi-million dollar claim for legal fees, Lilly produced only 33 pages created by Lilly which superficially summarize the millions of dollars in costs and fees that Lilly seeks. Astonishingly, more than a year after Lilly filed this lawsuit, it has yet to produce a single invoice or work product supporting its claims.

This Court already denied Lilly's request for bifurcation [Docket No. 64].  In addition, this Court found that "Lilly's concerns about privileged documents are adequately addressed by the parties' confidentiality order." (Id.)  Despite the court order, Lilly has continued to impose a de facto bifurcation by failing to produce documents.

## I.   LILLY'S ARGUMENT REGARDING LOCAL RULE 37.1 IS MERITLESS

Lilly's argument (Resp. at 2-5) that Valeant failed to meet and confer pursuant to Local Rule 37.1 is meritless for three reasons.  First, Valeant and Lilly have met and conferred on every issue raised in the present motion.   Given the extensive discussions, letters, motions, and orders on the discovery issues raised in the present motion, Valeant did not anticipate any meaningful dispute on this point.  Thus, Valeant included a brief Local Rule 37.1 statement on pages 2-3 of its opening brief [Docket No. 67].  Valeant apologizes to the court for failing to make its Rule 37.1 statement separately as required by local rules.  Valeant attaches a separate statement as Exhibit A to this Reply.  As that statement reflects, there have been numerous attempts to meet and confer on all of the issues raised in the present motion.

Second, because Valeant has substantially complied with Rule 37.1, Lilly's argument for dismissal for failure to comply with Local Rule 37.1 elevates form over substance.  This Court has considered discovery motions where the moving party has acted in good faith and substantially complied with the rule.  *See*, *e.g.*, *Landeen v. Phonebillit, Inc.*, No. 1:04-CV-01815-LJM-WTL, 2007 U.S. Dist. LEXIS 74381, at *3 (S.D. Ind. April 4, 2007) (reviewing a motion to compel discovery on the merits where counsel sent a deficiency letter to which opposing counsel responded to before the motion to compel was filed); *Morrow v. Air Ride Technologies, Inc*., No. IP-05-113, 2006 U.S. Dist. LEXIS 96651, at *3, n. 2 (S.D. Ind. March 6, 2006) (opting to assess the merits of the motion even though party failed to submit a separate statement); *Robbins v.*

*Milliman USA Long Term Disability Ins. Plan*, No. 1:02-CV-01635-JDT-TAB, 2003 U.S. Dist. LEXIS 17138, at *9, n. 2 (S.D. Ind. June 25, 2003) ("strict compliance with this aspect of the rules is not required at this time"); *Jones v. Hamilton County Sheriff's Dept.*, No. IP 02-0808-C-H/K, 2003 U.S. Dist. LEXIS 10100, at *5-6 (S.D. Ind. June 12, 2003) (reviewing motion on its merits where movant substantially complied with the rule's requirements); *Kobelco Metal Powder of America, Inc. v. The Energy Co-op., Inc.*, No. IP 01-0051-C H/K, 2001 U.S. Dist. LEXIS 18393, at *3-4 (S.D. Ind. Oct. 30, 2001) ("[t]he court finds substantial compliance"); *Perry v. Best Lock Corp.*, No. IP 98-C-0936-H/G, 1999 U.S. Dist. LEXIS 23601, at *3 (S.D. Ind. Jan. 21, 1999) ("[t]he rule is not rigid, however").[1]

Third, Lilly's newfound reliance on Local Rule 37.1 is surprising since Lilly has not followed that rule in this litigation.  In its Motion to Stay or Bifurcate Certain Discovery [Docket Nos. 48 and 49] pursuant to Federal Rule 26(c), Lilly failed to include any reference whatsoever to its efforts to discuss the discovery issues raised therein with Valeant.  In fact, counsel for Lilly never contacted or even exchanged correspondence with Valeant prior to filing the motion.  Similarly, there was no separate Rule 37.1 statement attached to Lilly's Motion to Amend Case Management Plan [Docket No. 56].

## II.   LILLY SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RESPONSIVE TO REQUEST NO. 11 IN THIS CASE

Document Request No. 11 seeks "[d]ocuments relating to any analysis regarding the potential link between valvular heart disease and Permax . . . ."  [Docket No. 60, Ex. A.]

---

[1] Additionally, this Court has explained that "[w]here a previous error is the result of negligence or other nonculpable conduct, and when a motion involves important issues which may affect the outcome of case, like [a] motion to compel, the dispute is better decided on the merits than on procedural grounds." *Long v. Anderson University*, 204 F.R.D. 129, 133-134 (S.D. Ind. 2001) (Baker, J.) (*citing Fisher v. National Railroad Passenger Corporation,* 152 F.R.D. 145, 149 (S.D. Ind. 1993)).

A.   **Lilly Has Waived Any Objection to Producing Certain Documents in Response to Document Request No. 11.**

In its Response, Lilly argues (Resp. at 7-14) that it should not have to produce documents responsive to Document Request No. 11 on relevance grounds.   [Docket No. 60, Ex. C] However, in its response to Request No. 11, Lilly nonetheless agreed that it would produce responsive documents. Additionally, in a subsequent conference call between counsel for Lilly and Valeant on October 13, 2009, Lilly confirmed that it was producing responsive documents. Lilly confirmed that it was not withholding any such documents on the basis of any objection. Lilly memorialized this conversation in an October 13, 2009 letter which states:

> **Lilly will produce non-privileged documents responsive to this request** that it has located.  **As we stated, Lilly will not be withholding documents responsive to this request on the basis of these objections.**

(October 13, 2009 Letter from R. Seamands to L. Spacapan, attached as Exhibit A.7)[2]

By agreeing to produce certain documents responsive to Document Request No. 11, Lilly has waived any objection to producing the identified documents.

If a party does not object to producing certain documents, any objection is waived as to those documents.  *See, e.g., Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992) (explaining that objections to production are waived by failing to object at time when responses are due); *Perry v. City of Gary*, No. 2:08-CV-280-JVB-PRL, 2009 U.S. Dist. LEXIS 65103, at *4-5 (N.D. Ind. July 27, 2009) (holding that failure to timely object to discovery requests constituted waiver of objections); *Autotech Tech. Ltd. Patnership v. Automationdirect.com, Inc.*,

---

[2] In light of Lilly's written response to Document Request No. 11, its October 13, 2009 letter where it refused to produce the INDs/NDA, and Valeant's agreement that Lilly did not have to produce the INDs/NDA, it is both remarkable and confusing that Lilly argues (Resp. at 10) it has discharged its discovery obligations in this case by producing the INDs/NDA in other Permax product liability cases.

4

236 F.R.D. 396, 398 (N.D. Ill. 2006) ("Failure to timely assert objections to discovery requests may result in a waiver of all objections that could have been seasonably asserted."). As Magistrate Judge Baker explained in *Stelor Productions, Inc. v. Oogles N Googles*, "[a] Plaintiff's failure to timely object to [] discovery . . . compels the conclusion that Plaintiff has waived all objections . . . ."  No. 1:05-cv-0354-DFH-TAB, 2008 U.S. Dist. LEXIS 95226, at *6 (S.D. Ind. Nov. 21, 2008) (citing *Autotech*, 236 F.R.D. at 398 and *Poulous*, 959 F.2d at 74).  This Court should simply compel Lilly to produce the documents that it said it would produce.

**B.   Lilly Has Not Cited Any Cases Where a Party Discharged Its Discovery Obligations By Referencing Documents Produced in Another Case.**

Lilly is attempting to forge new ground in civil procedure through its efforts to respond to Document Request No. 11.  As explained in Valeant's opening brief (Mot. at 9-10), Lilly seeks to discharge its discovery obligations in ***this case*** by referencing documents produced in ***other cases***.  This is such an extreme departure from the Federal Rules of Civil Procedure that it is understandable why Lilly cannot cite a single case or authority supporting this manner of production.

Even if such a method of production was permitted under the federal rules, it would only make sense where the discovery requests in two different cases are identical or nearly identical. The several document requests in the underlying Permax product liability cases are completely different than the single document request at issue in the present case.  Here are just a few examples of the documents sought in the *O'Brien* and *Hagerman* matters: (1) documents relating to the marketing of Permax, (2) documents relating to communications with plaintiffs' prescribing physicians, (3) all advertising text for Permax, (4) all press releases for Permax, (5) copies of Form 10-Ks, (6) documents demonstrating gross sales of Permax, (7) annual reports, (8) patent documents, (9) all correspondence with the FDA, and (10) documents relating to

individual plaintiffs.   (*See* Lilly's Response to Plaintiffs' First Request for Production in *Hagerman*, attached as Exhibit B; Lilly's Responses to Plaintiff's Second Request for Production in *O'Brien*, attached as Exhibit C.)

Additionally, Lilly lodged several objections to the document requests in *Hagerman* and *O'Brien* that could relate to Valeant's Document Request No. 11.  (*See id.*)  Those objections were not made in the present case, and it is unclear what documents Lilly withheld on the basis of those objections.  Valeant has no method of challenging the objections Lilly made months ago in the underlying cases.  This further underscores the fact that Lilly needs to respond to discovery in this case pursuant to the procedure set forth in Federal Rule 34.  Otherwise, it is not possible for Valeant to determine what has or has not been produced in this case or in the underlying Permax product liability cases.

Accordingly, Lilly has produced thousands of pages of documents that likely have nothing to do with Document Request No. 11 and has potentially withheld other responsive documents on the basis of its objections in the underlying product liability cases.  This is not a proper method of production under the Federal Rules of Civil Procedure, and it is not Valeant's obligation to sift through documents in order to find what it actually requested.  Lilly should be compelled to produce documents responsive to Document Request No. 11 in this case.

### C.       The Documents Sought Through Document Request No. 11 Are Relevant to the Negotiation of the Agreement.

Lilly also argues in its Response (Resp. at 8-9) that documents responsive to Document Request No. 11 are irrelevant because Valeant has not asserted a fraud-in-the-inducement claim or defense.  As explained above, Lilly has waived any such objection by agreeing in writing to produce documents.

Even if Lilly's hasn't waived its objections, Lilly misunderstands Indiana law regarding the relevance standard.  The unpublished Northern District of Illinois case upon which Lilly primarily relies, *American Roller Co., LLC v. Foster-Adams Leasing, LLP*, 2006 WL 1371441 (N.D. Ill. 2006), is an outlier which has only been cited by one other court.  Indiana courts apply a much broader standard of relevance than Lilly seeks to apply here. The relevance standard as repeated by several Indiana courts even after the 2000 amendments to Federal Rule 26 is as follows:

> ***Even when information is not directly related to the claims or defenses identified in the pleadings,*** the information still may be ***relevant to the broader subject matter at hand*** and meet the rule's good cause standard.

*Sajda v. Brewton*, No. 2:08-cv-255, 2009 U.S. Dist. LEXIS 108849, at *5 (N.D. Ind. Nov. 20, 2009) (emphasis added); *United Consumers Club, Inc. v. Prime Time Mktg. Mgmt.*, No. 2:07-cv-358, 2009 U.S. Dist. LEXIS 88792, at *9 (N.D. Ind. Sept. 25, 2009) (same); *Rodriguez v. Long*, No. 2:08-cv-273, 2009 U.S. Dist. LEXIS 88195, at *3 (N.D. Ind. Sept. 24, 2009) (same); *3600 Michigan Co. v. Infra-Metals Co.*, No. 2:07-cv-367, 2009 U.S. Dist. LEXIS 88181 (N.D. Ind. Sept. 24, 2009) (same); *Borom v. Town of Merrillville*, No. 2:07-cv-98, 2009 U.S. Dist. LEXIS 48442, at *7 (N.D. Ind. June 8, 2009) (same); *McGrath v. Everest Nat'l Ins. Co.*, No. 2:07-cv-34, 2009 U.S. Dist. LEXIS 40513, at *4 (N.D. Ind. May 13, 2009) (same); *Cunningham v. SmithKline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009) (same).

In light of this authority, it is understandable why Lilly decided not to cite any Indiana decisions.  Under the Indiana standard, discovery relating to the health risks associated with Permax, specifically what Lilly knew about the risk of cardiac valvulopathy, is certainly "relevant to the broader subject matter at hand," which is the negotiation and execution of the Letter Agreement.

### III.   LILLY SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RESPONSIVE TO DOCUMENT REQUEST NOS. 5, 6, AND 14

Through its conduct, Lilly continues to treat this case as "bifurcated", despite the Court's rulings to the contrary, by refusing to produce documents which it deems to be related to "damages".  In fact, Document Request Nos. 5, 6, and 14 seek documents which are not solely damages documents but rather are inextricably intertwined with the liability issues in this case.

There are at least three reasons why Lilly should be compelled to produce these documents *now*: First, Valeant must be given sufficient time to assess the reasonableness of the fees and costs Lilly seeks to impose on it.  Valeant will be required to review invoices for legal services and work product for a period of nearly six years.  It is astounding that to date -- 13 months after Lilly filed this lawsuit -- Lilly has yet to produce a single invoice or single piece of work product for which it demands that Valeant pay it millions of dollars.  Through its continued stonewalling, Lilly is substantially prejudicing Valeant's defense of this matter by decreasing exponentially the amount of time within which Valeant will have to review and analyze these documents.  Indeed, under Lilly's de facto bifurcation, it is attempting to limit Valeant to sixty days (from the close of liability to the close of damages discovery) within which to review and analyze the reasonableness of the fees and costs Lilly seeks.

Second, it appears that Lilly is trying to pass on to Valeant costs spent defending or indemnifying other pharmaceutical companies that previously distributed Permax companies in product liability cases. Valeant's obligations under the Agreement, and whether that includes Lilly's indemnity obligations to these other entities, goes to the heart of the meaning of the Agreement, yet Lilly refuses to provide any information whatsoever regarding these alleged costs and attendant work product.

Third, although Lilly has not provided any substantive information about the nature of its fees, based on the conclusory 33 pages that Lilly provided in support of its confidential settlement demand, it is also apparent that Lilly is trying to pass on to Valeant "generic" costs associated with its generic work on Permax. (Lilly's Back-Up Documents For Confidential Settlement Statement, attached as Exhibit D (under seal).)[3]  Without reviewing underlying the underlying work product, Valeant has no way to determine whether those costs were related to any particular Permax lawsuit brought against Lilly and Valeant. Thus, Lilly's- invoices and work product bear directly upon how Lilly is interpreting the Agreement substantively.  It is imperative that Valeant be able to determine exactly what Lilly is trying to pass on to Valeant. Valeant must be permitted to gain access to the documents it has requested in Document Requests Nos. 5, 6, and 14 prior to the depositions that are scheduled to take place during the "liability" stage of discovery, which is currently set to close on March 8, 2010.

### A.     Document Request Nos. 5 and 6.

Document Request Nos. 5 and 6 seek "[i]nvoices detailing all legal fees and costs for Permax product liability claims" and documents demonstrating that they were paid.  [Docket No. 60, Ex. 1.]  Lilly does not object to the production of these materials (although it did so at earlier phases of the litigation).  However, Lilly erroneously takes the position that it does not have to produce documents responsive until the Court's deadline for "outstanding discovery."  (Resp. at 5.)  Federal Rule 34, however, provides that Lilly's production of responsive documents is long past due.  Under Rule 34, a party "must specify a reasonable time, place, and manner for the

---

[3] Lilly filed this lawsuit on December 24, 2008.  It made its first demand to Valeant five months later on May 22, 2009.  It wasn't until July 10 -- nearly seven months after it filed its lawsuit -- that Lilly provided any detail whatsoever regarding the fees it was seeking from Valeant and, even then, as demonstrated by the documents it produced, provided woefully inadequate back-up data supporting its demand, and to date, has failed to produce even a single invoice for the legal fees it seeks.

inspection and for performing the related acts . . . ."  Fed. R. Civ. P. 34; *see also* 7-34 MOORE'S FEDERAL PRACTICE Civil § 34.14.  In its First Set of Document Requests, Valeant demanded production of responsive documents within thirty (30) days at the offices of Jenner & Block LLP.  Although a court can, on motion, extend the period of time for responding set forth in a document request, the Court has not done so here.  Contrary to Lilly's argument, the reference to "outstanding discovery" in the Court's Order Amending Case Management Plan [Docket No. 63] did not grant Lilly an extension to produce documents in response to Document Request Nos. 5 and 6.  Accordingly, the time allotted pursuant to Rule 34 expired several months ago.

Document Request Nos. 5 and 6 seek legal invoices for Permax product liability claims and proof that they were paid.  Because Lilly is seeking millions of dollars in attorneys' fees, documents responsive to Document Request Nos. 5 and 6 are critical to this dispute.  To date, Lilly has failed to provide even a single invoice for legal fees let alone any substantive information about its attorneys' fees for Product Liability Claims, hindering settlement discussions or evaluation of Lilly's claim.  As Valeant explained in its opening brief (Mot. at 7-8), Valeant's Document Request Nos. 5 and 6 have been pending since August 13, 2009.  Additionally, this Court ruled on Lilly's motion to bifurcate discovery on December 4, 2009.  Lilly has had months to collect these documents and prepare them for production.  Given the importance of these documents and how long the requests have been pending, there is simply no excuse for failing to produce responsive documents.  Lilly should be compelled to produce documents responsive to Request Nos. 5 and 6 immediately.

**B.      Document Request No. 14.**

Document Request No. 14 seeks "[a]ll work product that, under Lilly's interpretation of the Agreement, Valeant is now required to pay for, but has not yet received from Lilly."  [Docket No. 60, Ex. A.]

> **1.      The Court already addressed Lilly's objections to Document Request No. 14 in conjunction with Lilly's Motion pursuant to Federal Rules 26(b) and (c).**

Lilly's lengthy discussion of its objections to Document Request No. 14 (Resp. at 14-27) was unnecessary because this Court has already ruled on Lilly's objections to Document Request No. 14.  In its Motion to Bifurcate or Stay Certain Discovery [Docket Nos. 48 and 49], Lilly moved to stay certain discovery pursuant to Rule 26(b) and Rule 26(c), which allows a court to enter a protective order where the discovery sought would cause "annoyance, embarrassment, oppression, or undue burden or expense."  As demonstrated in Valeant's opening brief, Lilly specifically identified the same exact objections to Document Request No. 14 in its Motion to Stay or Bifurcate Certain Discovery [Docket Nos. 48 and 49] that it makes in response to the present motion.  Specifically, Lilly made the following arguments with respect to Document Request No. 14 in that motion:

- "Request for Production No. 14 seeks . . . information that . . . is protected from disclosure under the work product doctrine."  [Docket No. 49, at 5.]

- "[T]his request also seeks information . . . that is in no way relevant to the issues in this contract dispute."  [Docket No. 49, at 5.]

- "Valeant's Request for Production No. 14 is Valeant's latest attempt to obtain work product that Lilly developed in defending the Product Liability Claims, without Valeant having to contribute to the costs of preparing it as required by the parties' Agreement."  [Docket No. 49, at 5 n.3.]

- "Lilly's work product in defending the Product Liability Claims has no relevance to the contract dispute between Lilly and Valeant, and Valeant is improperly

attempting to use discovery in this case to obtain this information for its own use in defending the Product Liability Claims." [Docket No. 49, at 5-6 n.3.]

The Court also mentioned each specific objection to Document Request No. 14 and Valeant's counter-argument in its Order on Discovery Motions [Docket No. 64]. Specifically, the Court stated:

- "Regarding damages, Lilly argues that bifurcation is appropriate because Valeant's requests regarding damages are broad and could be rendered moot by summary judgment." [Docket No. 64, at 5.]

- "Lilly also argues that some of the material sought by damages discovery contains privileged information, and Lilly and/or Valeant could be significantly prejudiced if that information were disclosed to product liability claimants." [Docket No. 64, at 5.]

- "Finally, Valeant argues that Lilly's privilege concerns do not support bifurcation because Lilly waived privilege by placing the costs of legal work at issue." [Docket No. 64, at 5.]

The Court denied Lilly's motion and specifically addressed Lilly's privilege objection, stating that "Lilly's concerns about privileged documents are adequately addressed by the parties' confidentiality agreement and protective order." [Docket No. 64, at 5.] In light of this statement and the Court's ruling, Valeant withdrew its original Motion to Compel under the assumption that Lilly would produce documents responsive to Document Request No. 14. (Valeant's Reply Brief Withdrawing Its Motion to Compel [Docket No. 65].) On December 15, 2009, Lilly informed Valeant that it would not comply with the Court's ruling with respect to Document Request No. 14. (Ex. A.4) Incredibly, despite the fact that Valeant had won the motion, Lilly also stated that "Lilly assumes that Valeant's withdrawal of its motion to compel means that Valeant has reconsidered and is no longer seeking production of documents responsive to its Request No. 14." (*Id.*) Following this correspondence, Valeant filed the present Motion to Compel.

Lilly's argument (Resp. at 4) that the Court's Order was only "a ruling as to the timing of discovery" is inexplicable.  Lilly moved for the equivalent of a protective order under Rule 26(c), and the Court denied its motion.  Similarly, Lilly's contention (Resp. at 15) that the Court's discussion of Lilly's privilege concerns was only a reference to Lilly's privilege concerns with respect to third-party plaintiffs is nonsensical because even that interpretation assumes that Lilly must first produce the documents to Valeant.  In other words, the Court's Order clearly contemplates that Lilly must produce privileged documents to Valeant at some point.

In sum, this Court has already addressed Lilly's objections to Document Request No. 14, and Valeant believes that any additional briefing on that request is unnecessary.  Nevertheless, Valeant addresses Lilly's objections again as well as its arguments raised in response below.

## 2.    Lilly's work product is no longer privileged.

Assuming the Court chooses to address Lilly's privilege concerns yet again, Lilly's work product is no longer privileged for two reasons.  <u>First</u>, if Valeant must pay for the work, it has the right to review the work product by virtue of the common interest doctrine.  <u>Second</u>, Lilly has waived the work product privilege by placing its work product "at issue."

### a.    *Valeant has a common interest right to Lilly's work product because it was prepared pursuant to a common defense and because Valeant is required to pay for it under Lilly's interpretation of the Letter Agreement.*

Valeant has a right to work product prepared to minimize liability for Product Liability Claims because, under Lilly's interpretation of the Letter Agreement, Valeant must now pay for it.  Thus, the work product is discoverable under the common interest doctrine.  As one of the leading treatises on the attorney-client privilege and work product doctrine has explained:

> When work product is prepared for litigation in which multiple parties have an interest, such as an insurance company and its insured or an ***indemnitor and indemnitee pursuant to contract***, the ***work product is not protected from discovery in a subsequent adversary proceeding between the parties that, at the time of the underlying litigation, had a common interest***.  Since the work-product product protected documents were prepared for each party to the common interest, how could one preclude the other from access thereto?

EDNA SELAN EPSTEIN, THE ATTORNEY-CLIENT PRIVILEGE AND THE WORK-PRODUCT DOCTRINE 1023 (5th ed. 2007) (emphasis added); *see also LaSalle National Trust v. Shaffner*, No. 91 C 8247, 1993 U.S. Dist. LEXIS 4410, at *19-20 (N.D. Ill. 2003); *Abbott Laboratories v. Alpha Therapeutic Corporation*, 200 F.R.D. 401, 407 (N.D Ill. 2001); *Metro Wastewater Reclamation Dist. v. Cont'l Casualty Co.*, 142 F.R.D. 471, 478 (D. Colo. 1992).

Similarly, as the court in *Metro Wastewater Reclamation District* explained, the party that may ultimately bear the cost of defense for underlying litigation has a right to review the documents prepared in anticipation of litigation.  142 F.R.D. at 478.  As the court stated:

> [T]he common interest doctrine . . . applies with equal force to claims of work product.  The qualified immunity afforded to work product simply does not allow an insured to withhold documents from its insurer when those documents relate to underlying litigation for which the insured is seeking defense and/or indemnification. . . . ***The underlying litigation documents were generated in anticipation of minimizing liability, an interest common to both insurers and insureds***.  As we have previously stated, these documents may enjoy privileged status as to party opponents in the underlying litigation, but they cannot be privileged from insurers ***who may bear the ultimate burden of payment***.  While the parties are now adverse concerning the issue of coverage, no such adversity exists as to the underlying litigation.

*Id.* (emphasis added) (internal citations omitted).

As in *Metro Wastewater Reclamation District*, Lilly argues that the work product was prepared in a joint effort to minimize liability for Permax Product Liability Claims. Lilly now expects Valeant to pay for it. Therefore, Lilly should be compelled to produce documents responsive to Document Request No. 14, which calls for "[a]ll work product that, under Lilly's

interpretation of the Agreement, Valeant is now required to pay for, but has not yet received from Lilly."  [Docket No. 60, Ex. 1.]

b.  *Lilly has placed its work product at issue.*

Lilly proceeds at length in its Response (Resp. at 15-21) to explain the contours of the "substantial need" test set forth in Federal Rule 26(b)(3).  Lilly has completely missed the thrust of Valeant's argument regarding the application of privileges.  Valeant argued in its original Motion to Compel[4] [Docket No. 60, at 16] and Response to Lilly's Motion to Bifurcate or Stay Certain Discovery [Docket No. 54, at 10-12] that Lilly has waived the protection of any applicable privilege by placing its work product "at issue."  This is a separate and distinct concept from the substantial need doctrine.  There is no need to apply the substantial need test where the work product privilege has been waived.  *See, e.g., Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 731-32 (8th Cir. 2002) ("Because we find that Pamida has waived the work product privilege in this case, we need not address whether the Rule 26(b)(3) standard of substantial need and undue hardship has been shown by Dynasty.").

Additionally, although Lilly cited from Edna Selan Epstein's treatise on the attorney-client privilege and the work product doctrine in its Response, Lilly missed the key section.  According to the treatise, in a section entitled "Waiver of the Work-Product Protection," the authors explain that the work product doctrine is waived where it is "at issue."  According to that section:

Where one party seeks to assert a right to either insurance or **contractual indemnity**, work-product material that might cast any light on the right thereto is

---

[4] Valeant did not repeat the discussion of waiver contained in its original Motion to Compel because Valeant believes that this Court already addressed Lilly's privilege concerns when it held that "Lilly's concerns about privileged documents are adequately addressed by the parties' confidentiality agreement and protective order."  [Docket No. 64.]

deemed to have been put "at issue" by the party seeking recovery and is deemed waived.

EDNA SELAN EPSTEIN, THE ATTORNEY-CLIENT PRIVILEGE AND THE WORK-PRODUCT DOCTRINE 1103 (5th ed. 2007) (emphasis added).

Epstein illustrates this principle through several cases, including *Abbott Laboratories v. Alpha Therapeutic Corporation*, 200 F.R.D. 401, 411 (N.D Ill. 2001), which Valeant cited in its opening brief because it is very similar to the case at hand.[5]  In *Abbott*, the plaintiff sold the defendant the plaintiff's blood products division.  200 F.R.D. at 403.  Pursuant to an asset purchase agreement the plaintiff agreed to indemnify the defendant for any losses resulting from the transferred products.  *Id.* at 401.  As in the present case, the plaintiff, however, was not obligated to indemnify the defendant for injuries resulting from the defendant's own negligence. *Id.*  After several hemophiliac lawsuits (like the underlying Permax product liability cases in the present matter), the defendant sought indemnification from the plaintiff for settlement costs and attorneys' fees.  *Id.*  The plaintiff filed a motion to compel seeking documents relating "to Alpha's legal analysis of its actual or potential liability to hemophiliacs infected with viruses carried by Alpha or Green Cross blood factor products."  *Id.* at 404.  The court held that the defendant could not withhold documents on the basis of any privilege for two independent reasons.  First, the parties' agreement contained a cooperation clause and, therefore, the court held that certain communications were not protected by the attorney-client privilege.  *Id.* at 408. Second, the court held even if certain documents were privileged, any applicable privilege had

---

[5] Lilly emphasizes the fact that Valeant has only cited one case in support of its position on at issue waiver.  As discussed in the previous footnote, Valeant limited the legal discussion in this Renewed Motion to Compel because it believes this Court has already ruled on Lilly's privilege concerns.  For additional authority, Valeant refers the Court to the authorities cited in its original Motion to Compel [Docket No. 60], particularly *Padima, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 728-29, 731 (8th Cir. 2002) (ordering production of deposition testimony and documents relating to attorneys' representation).

been waived.  *Id.* at 411.  In light of these two independent bases for production, Lilly's attempt to distinguish *Abbott* on the basis that the parties in that case had a cooperation clause is not persuasive.

The second basis for waiver is directly applicable to the present case.  The court explained that the defendant had put otherwise privileged documents "at issue" by seeking indemnification for settlement and defense costs.  With respect to legal fees, the court held that documents must be produced because the plaintiff would have no way of testing the reasonableness of the fees.  According to the court, "[t]he documents are the only source to determine the reasonableness of the defense and settlement costs for which Abbott is presently being asked to pay."  *Id.* at 411.

Additionally, like Articles 10.1 and 10.2 of the Agreement in the present case, the agreement in *Abbott* provided that each party was not obligated to indemnify the other party for their own negligence.  *Id.* at 403.  Thus, the court held that it was imperative for the plaintiff to review privileged documents to determine whether the underlying suit was a result of defendant's negligence, since the plaintiff was not required to indemnify the defendant for its own negligence.  *Id.*  As the court explained, "[i]n short, issues surrounding the conduct of the underlying litigation are central to the question of whether Abbott should be forced pursuant to its contract obligations to indemnify Alpha."  *Id.* at 411.

The same concerns present in *Abbott* are present in this case.  First, Valeant will have no method of challenging Lilly's attorneys' fees unless it is given the opportunity to review the work product for which Lilly is seeking reimbursement.  Similarly, Lilly seeks reimbursement of its legal fees in several underlying Permax product liability cases.  It is likely that in some of those cases Lilly has an indemnification obligation to Valeant under Article 10.2 of the

Agreement since no Valeant-distributed Permax was ingested by the plaintiff.   Lilly even acknowledged (Resp. at 15) this point in its Response brief where it explained that Lilly's documents could shed insight on whether a claim was caused by a "Lilly activity" or "Valeant activity."

In sum, Valeant believes this Court has already addressed Lilly's privilege concerns.  If the Court chooses to address Lilly's privilege concerns again, Valeant has a right to Lilly's work product by virtue of the common interest doctrine.  Alternatively, Lilly has waived any privilege applicable to its work product by placing it at issue in this litigation.

### 3.   The Seventh Circuit's standard for determining the reasonableness of attorneys' fees is irrelevant to what is discoverable in this case.

Lilly also argues (Resp. at 17-18) that Valeant cannot discover otherwise privileged documents because the Seventh Circuit has adopted a process for determining the reasonableness of fees that does not scrutinize each individual invoice.  How a court should determine the reasonableness of fees, however, is not relevant to what is ***discoverable.***   None of the cases Lilly cites in support of this argument relate in anyway to what is discoverable in a case like this -- where the common interest doctrine is implicated and where a party has waived any applicable privilege by placing its work product at issue.

### 4.   Lilly's arguments regarding the burden and expense of producing documents responsive to Document Request No. 14 are misplaced.

Lilly also argues (Resp. at 22-27) that Valeant's request violates the proportionality requirements set forth in Rule 26(b)(2)(C).[6]  This argument is misplaced for the three reasons.

---

[6] Lilly also relies on the *Boimah Flomo v. Bridgestone Holding, Inc.*, No. 1:06-cv-00627, 2009 U.S. Dist. LEXIS 63119 (S.D. Ind. July 22, 2009) decision in support of its proportionality argument.  *Boimah Flomo* involved very unique and specific facts.  In that case, the minor plaintiffs sued the defendants for forcing them to work in rubber plantations in Liberia.  *Id.* at *3. After the defendants moved for summary judgment, the plaintiffs filed an expedited motion to

First, Valeant has a right to these documents pursuant to the common interest doctrine regardless of the cost associated with production.  As Epstein explained with regard to the common interest doctrine, "[s]ince the work-product product protected documents were prepared for each party to the common interest, how could one preclude the other from access thereto?"  EDNA SELAN EPSTEIN, THE ATTORNEY-CLIENT PRIVILEGE AND THE WORK-PRODUCT DOCTRINE 1023 (5th ed. 2007).  If Lilly was not prepared to give Valeant the documents it wants Valeant to pay for (and that were prepared pursuant to a common defense), it should not have brought a lawsuit seeking to pass on its legal fees on to Valeant.

Second, Lilly's burden analysis is overstated.  In its Response, Lilly goes through a long explanation of what it would cost to review documents for responsiveness and privilege before making a production.  (Resp. at 23-26.)  In reality, Lilly has included a summary of the volume of every document it ever generated or received in connection with Permax product liability cases. Lilly does not need to review all of those materials to identify its work product. Indeed, the vast majority of Lilly's Permax files must be comprised of pleadings, documents exchanged by the parties, and correspondence among the parties. None of these materials need be reviewed in connection with Valeant's document request.

---

take seventeen (17) depositions in Liberia.  *Id.*   The *Boimah Flomo* court went through a detailed analysis of why these seventeen (17) depositions were irrelevant to the litigation entirely.  *Id.* at *6-12.  The court characterized the requested discovery as a "fishing expedition" and expressed concern about the parties traveling to Africa.  *Id.* at *12.  According to the court, "Africa is too far, Liberia is too dangerous, and time is too short for Plaintiffs go on what is-- according to the present record--a fishing expedition for information that may not exist or may be available from more relevant sources."  *Id.*  Further, the court's decision in *Boimah Flomo* also hinged on the fact that Judge Hamilton had previously limited the plaintiffs' discovery.  *Id.* at *6.  Judge Hamilton had entered an order in that case stating that "given the limited time frame provided by the Court, priority in scheduling discovery shall be given to the topics identified in Plaintiffs' Rule 56(f) affidavit . . . ."  *Id.*   The Court has not limited discovery in such a manner in the present case.

<u>Third</u>, to the extent the Court finds that the cost of production is relevant and excessive, Valeant is willing to work with Lilly to consider cost efficient alternatives.  For example, Lilly could allow Valeant to access its work product files for Permax Product Liability Claims in order to determine and collect what is relevant.

### 5.      Lilly's discovery requests are not before the Court.

Finally, Lilly argues (Resp. at 30-32) in its Response that Valeant's refusal to produce work product documents is somehow relevant to the pending Motion to Compel.  As Valeant has ***repeatedly*** stated, its work product is not relevant to this dispute because Valeant does not believe that the contract contemplates the reimbursement of national counsel fees.  Furthermore, Valeant is not seeking such reimbursement from Lilly.  In any event, because this is Valeant's motion to compel responsive documents to requests served over five (5) months ago, the issue is not before the Court.

### <u>CONCLUSION</u>

For the foregoing reasons, Valeant's Renewed Motion to Compel should be granted.

Dated: January 21, 2010                    Respectfully submitted,

                                           VALEANT PHARMACEUTICALS
                                           INTERNATIONAL,

                                           By:    /s/ Lise T. Spacapan
                                                  One of its Attorneys

Lise T. Spacapan
Elizabeth A. Coleman
Casey T. Grabenstein
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Telephone: 312 222-9350
Facsimile: 312 527-0484

F. Joseph Jaskowiak
Larry Gene Evans
HOEPPNER WAGNER & EVANS LLP
1000 East 80th Place
Suite 606S
P.O. Box 10627
Merrillville, Indiana 46410
Telephone: 219 769-6552
Facsimile: 219 738-2349

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 21, 2010, I served Valeant's **Reply Brief In Support of**

**Its Motion to Compel** to the following via ECF to the following:


Kimberly C. Metzger
Mary Nold Larimore
Rebecca J. Seamands
ICE MILLER LLP
One American Square
P.O. Box 82001
Indianapolis, IN 46204
kimberly.metzger@icemiller.com
larimore@icemiller.com
seamands@icemiller.com

                                                        /s/ Casey T. Grabenstein____
                                                        Casey T. Grabenstein