UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELI LILLY AND COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-1720-SEB-TAB |
| | ) | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S RENEWED MOTION TO COMPEL**

**I.   Introduction.**

A mulligan allows a golfer a free opportunity to correct a bad shot. Litigation has no mulligans, but perhaps it should. This case needs one.

On January 29, 2010, counsel for the parties appeared before the undersigned for a pretrial conference, at which time the Court heard argument on Defendant Valeant Pharmaceuticals International's renewed motion to compel. [Docket No. 67.] And argue counsel did, requiring the Magistrate Judge to repeatedly remind counsel not to interrupt each other. Among the charges leveled at the conference and in the briefs by Plaintiff Eli Lilly and Company was that Valeant's "renewed" motion to compel raises issues not previously asserted and that Valeant "rebuffed" Lilly's efforts to meet and confer and in fact has "refused to participate in attorney conferences" that might narrow or even resolve these discovery disputes. [Docket No. 73 at 4-5.] Valeant, of course, vehemently denies Lilly's accusations.

As indicated at the conference, the Court stops short of concluding that Valeant failed to fulfill the meet and confer requirements of Local Rule 37.1. That being said, it is obvious that

both sides of this dispute would benefit from a free opportunity to start over—from a litigation mulligan—to permit this case to efficiently move forward on the merits as opposed to being sidetracked by discovery disputes and related *ad hominem* attacks.  Hopefully, that opportunity has arrived.

**II.     Discussion.**

At the heart of the instant discovery dispute are Lilly's responses to Valeant's Requests for Production Nos. 4, 5, 11, and 14.  These requests, Lilly's responses, and the parties' various positions are adequately set forth in the briefs and need not be repeated here.  Likewise, the Court spent time at the January 29 conference outlining how it intended to resolve this latest discovery dispute, as well as the general reasons supporting this resolution, all of which also need not be repeated at length.  Accordingly, set forth below is a concise statement of the Court's rulings and rationale on Valeant's renewed motion to compel.

**A.     The December 4, 2009, Court Order.**

The Court rejects Valeant's contention that the Court's December 4, 2009, order on discovery motions [Docket No. 64] addressed and resolved Lilly's objections to Valeant's discovery requests.  [Docket No. 67 at 3-5.]  Rather, as clearly stated at the outset of that order, its focus was on the "timing" of the discovery, rather than the substantive components.  [Docket No. 64 at 1.]  Thus, Lilly's substantive objections to Valeant's discovery requests remain in play.

**B.     Requests for Production Nos. 5 and 6.**

Lilly's response to Valeant's renewed motion to compel does not dispute Lilly's obligation to produce documents responsive to Requests for Production Nos. 5 and 6. [Document No. 73 at 5-6.]  Lilly reiterated this position at the January 29 pretrial conference.

Accordingly, Lilly shall respond to Valeant's Requests for Production Nos. 5 and 6 by February 10, 2010.

        **C.**      **Request for Production No. 11.**

Valeant's Request for Production No. 11 seeks documents relating to any analysis regarding the potential link between valvular heart disease and Permax. Lilly responds that at its core this case is about the interpretation of a cost-sharing provision in a contract between the parties, making the disputed request beyond the permissible scope of discovery. [Docket No. 73 at 8-9.] Valeant responds that discovery related to the health risks associated with Permax, and what Lilly knew about those risks, is relevant to the negotiation and execution of the underlying contract between the parties. [Docket No. 78 at 7.] The Court agrees, to a point. Despite being somewhat narrowed in scope by the 2000 amendments, Rule 26 does not restrict discovery to only the core of the case, but permits discovery into claims and defenses, which is broad enough to permit some of the discovery sought by Request No. 11.

This does not mean, however, that Lilly's response to Request No. 11 is unreasonable. As discussed at the January 29 conference, Lilly has produced approximately 11,000 documents in electronic format responsive to Valeant's request in this litigation. Unfortunately, these documents were not all produced in a searchable format. Lilly shall correct this omission within 14 days from the date of this order. In addition, Lilly's response also referenced over 300,000 pages of documents produced in electronic format in two underlying product liability cases in which the plaintiffs have alleged valvular heart disease as a result of ingesting Permax. [Docket No. 73 at 10.] Valeant is a party in these two other cases, and in fact is represented by the same counsel as in this case. [Docket No. 73 at 10.]

Based upon all of the foregoing, the Court finds that Lilly has sufficiently responded to Request No. 11 (subject to ensuring that all the documents are produced in a searchable format). The focus of this case is on a cost-sharing agreement, and the discovery should likewise focus on that topic. This focus does not preclude discovery on other topics, but the approximately 11,000 documents Lilly has produced in response to this request, combined with the over 300,000 documents Lilly has produced in the underlying product liability cases, is reasonable and appropriate under the circumstances.

**D.     Request for Production No. 14.**

Request No. 14 seeks "[a]ll work product that, under Lilly's interpretation of the Agreement, Valeant is now required to pay for, but has not yet received from Lilly." [Docket No. 78 at 11.] Valeant contends that Lilly has waived any privilege objections based upon the December 4 order, but as previously noted the Court holds otherwise.

Valeant attempts to circumvent these privileges on two fronts. First, Valeant contends that if Valeant must pay for the work under the agreement between the parties, it has the right to have the work by virtue of the common interest doctrine. Second, Valeant contends that Lilly has waived the work product privilege by placing its work product at issue. [Docket No. 78 at 13.] Neither argument is compelling.

As for Valeant's common interest argument, Lilly points out that the reasoning of some of the cases on which Valeant bases this argument have been called into question. [Docket No. 82 at 3.] Even putting this concern aside, the Court is not convinced that the parties' interests are so common as to permit application of the doctrine. This case does not involve dual representation; Lilly and Valeant retained separate counsel. Moreover, under Valeant's

interpretation of the parties' agreement, each party is incentivized to establish the other party's fault in the product liability litigation.  The common interest doctrine cannot be stretched this far.

Valeant's second argument—that it is entitled to all of Lilly's work product because Lilly put its work product at issue—also fails.  First, Lilly has not put the reasonableness of the fees squarely "at issue."  Rather, Lilly simply claims that the contract covers these fees—irrespective of whether the fees are reasonable.  In addition, the Court does not see how Lilly's work product is necessary to evaluate the reasonableness of the fees.  Valeant is entitled to attorney billing statements, which may be redacted as needed to preserve the privileges at issue.  But the Court simply cannot fathom ordering Lilly to turn over its entire work product and attorney-client materials to Valeant, with which it is locked in a fierce litigation battle.

### III.   Conclusion.

Valeant's renewed motion to compel [Docket No. 67] is granted in part and denied in part as set forth above.  Though Valeant's motion was largely unsuccessful, this ruling provides counsel a fresh opportunity to focus on the issues rather than each other.  This invitation to accept a "litigation mulligan" should be carefully considered.  For as noted at the January 29 conference, the Court will not hesitate in the future to award costs and attorneys' fees against the party (or attorney, or both) who charges into Court before making good faith efforts to resolve discovery disputes.  Likewise, the same potential consequences await the party (or attorney) who unreasonably withholds potentially responsive documents.

Dated:  02/04/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Elizabeth Abbne Coleman
JENNER & BLOCK, LLP
ecoleman@jenner.com

Larry Gene Evans
HOEPPNER WAGNER & EVANS LLP
levans@hwelaw.com

Casey T. Grabenstein
JENNER & BLOCK LLP
cgrabenstein@jenner.com

F. Joseph Jaskowiak
HOEPPNER WAGNER & EVANS LLP
jjaskowiak@hwelaw.com

Mary Nold Larimore
ICE MILLER LLP
larimore@icemiller.com

Kimberly C. Metzger
ICE MILLER LLP
kimberly.metzger@icemiller.com

Phillip R. Scaletta
ICE MILLER
scaletta@icemiller.com

Rebecca J. Seamands
ICE MILLER LLP
seamands@icemiller.com

Lise T. Spacapan
JENNER & BLOCK, LLP
lspacapan@jenner.com