UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, )<br>       Plaintiff, )<br>)<br>  vs. )<br>)<br>VALEANT PHARMACEUTICALS )<br>INTERNATIONAL, )<br>       Defendant. ) | 1:08-cv-1720-TWP-TAB |

**ORDER ON MOTIONS TO SEAL**

The parties' summary judgment briefing and latest explosion of motions to compel were accompanied by seven motions involving the sealing of documents. [Dockets No. 141, 147, 156, 169, 177, 179, 180.] With due regard for precedent from the Seventh Circuit Court of Appeals, the undersigned always carefully scrutinizes motions to seal. As this order reflects, there are times when limited sealing is permissible. However, those occasions are rare. And given the time it takes to review and address these motions and for the Clerk's office to manage the resulting docketing obligations, it is important that such motions are filed sparingly, and ideally only after counsel meet and confer on these issues. Several of the sealing requests addressed below could have been avoided had counsel meaningfully conferred. As this case demonstrates, a request to seal is often premised upon an opponent's confidentiality designation that does not support sealing the document in question. With this backdrop, the Court turns to the seven motions to seal, ever hopeful of seeing fewer such motions in the future.

**Docket Nos. 169 and 179** involve the sealing of Valeant's surreply in opposition to Lilly's first partial motion for summary judgment and accompanying exhibits. After reviewing the documents and the parties' motions, the Court grants in part Docket No. 169, in which

Valeant proposes redactions based on Lilly's confidential designations, and grants Docket No. 179, in which Lilly asserts that upon closer review, only a limited amount of its designated information need remain confidential. Consistent with the relief requested in Docket No. 179, the Court orders as follows:

- The redacted version of Valeant's surreply [Docket No. 179, Ex. A] shall be docketed and deemed timely filed as of the date of this order.

- The redacted version of exhibit 2 to Valeant's surreply [Docket No. 179, Ex. B (Excerpts from Deposition of Jim Burns)] shall be docketed and deemed timely filed as of the date of this order. Exhibit 2 to Valeant's surreply [Docket No. 168, Ex. 2] shall remain under seal.

- The redacted version of exhibit 3 to Valeant's surreply [Docket No. 179, Ex. C (Vendor-Detail Listing for Product Liability Claim 2)] shall be docketed and deemed timely filed as of the date of this order. Exhibit 3 to Valeant's surreply [Docket No. 168, Ex. 3] shall remain under seal.

- The redacted version of exhibit 5 to Valeant's surreply [Docket No. 179, Ex. D (Letter Dated May 11, 2005)] shall be docketed and deemed timely filed as of the date of this order. Valeant's unredacted exhibit 5 [Docket No. 168, Ex. 5] shall remain under seal.

**Docket Nos. 141 and 180** involve the sealing of Valeant's June 28, 2010, motion to compel Lilly to produce certain categories of privileged information and accompanying exhibits. As with the previous motions, Valeant initially requested certain redactions of Lilly's confidential documents which Lilly subsequently concluded were too broad. Lilly's proposed redactions are appropriate, and the Court therefore grants in part Docket No. 141 and grants Docket No. 180.

- Valeant shall file an unredacted version of its June 28, 2010, motion to compel within seven days which shall be deemed timely filed as of the date of this order.

- The redacted version of exhibit A to Valeant's motion to compel [Docket No. 180, Ex. 1] shall be docketed and deemed timely filed as of the date of

        this order.  Valeant's unredacted exhibit A [Docket No. 140, Ex. A] shall remain under seal.

- Valeant shall file an unredacted version of Exhibit C (Guy Cipriani deposition testimony) within seven days which shall be deemed timely filed as of the date of this order.

**Docket No. 147** involves the sealing of Valeant's June 30, 2010, motion to compel Lilly to answer interrogatory nos. 1 and 2 (second set) and accompanying exhibits.  Because this motion to compel cites and quotes confidential damages documents and exhibit B (Jim Burns's deposition) refers to claimants' names and locations, the Court grants Valeant's motion to seal.  The redacted version of Valeant's motion to compel and exhibits [Docket No. 144] is proper, and the sealed version [Docket No. 146] shall remain under seal.

Finally, **Docket Nos. 156 and 177** involve the sealing of Lilly's sur-surreply in support of its motion for partial summary judgment and accompanying exhibits.  Pages 10–12 of Lilly's sur-surreply discuss a document designated as confidential by Valeant, and so Lilly, "out of respect for Valeant's designations," seeks to file an unredacted sur-surreply under seal.  Lilly stresses that it does not seek to file under seal because of its own confidentiality concerns.  After reviewing pages 10–12 of Lilly's sur-surreply, the Court concludes that Lilly's sur-surreply need not be redacted or filed under seal.  These pages discuss obvious facts about defense of the Permax claims—that Permax plaintiffs request IND/NDAs and want to depose physicians and scientists, that the defense required a lot of work, that Ice Miller was working on the defense,

and that Lilly wanted Valeant to share in the costs.  This information is not confidential, and Docket Nos. 156 and 177 are therefore denied.

Dated:  07/30/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Elizabeth Abbene Coleman
JENNER & BLOCK, LLP
ecoleman@jenner.com

Larry Gene Evans
HOEPPNER WAGNER & EVANS LLP
levans@hwelaw.com

Casey T. Grabenstein
JENNER & BLOCK LLP
cgrabenstein@jenner.com

F. Joseph Jaskowiak
HOEPPNER WAGNER & EVANS LLP
jjaskowiak@hwelaw.com

Mary Nold Larimore
ICE MILLER LLP
larimore@icemiller.com

Kimberly C. Metzger
ICE MILLER LLP
kimberly.metzger@icemiller.com

Phillip R. Scaletta
ICE MILLER
scaletta@icemiller.com

Rebecca J. Seamands
ICE MILLER LLP
seamands@icemiller.com

Lise T. Spacapan
JENNER & BLOCK, LLP
lspacapan@jenner.com

L. Alan Whaley
ICE MILLER LLP
whaley@icemiller.com