IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, an Indiana Corporation, | ) ) ) |
| Plaintiff/Counterclaim Defendant, | ) ) ) |
| v. | ) ) |
| VALEANT PHARMACEUTICALS INTERNATIONAL, a Delaware Corporation, | ) ) ) ) ) Case No. 1:08-cv-1720-TWP-TAB |
| Defendant/Counterclaim-Plaintiff, | ) ) ) |

## ELI LILLY AND COMPANY'S FIRST AMENDED COMPLAINT

Plaintiff Eli Lilly and Company ("Lilly"), by counsel, seeks declaratory judgment against defendant Valeant Pharmaceuticals International ("Valeant") pursuant to 28 U.S.C. §§ 2201 and 2202, and damages for breach of contract, promissory estoppel and unjust enrichment. In support of its First Amended Complaint, Lilly states:

### Parties

1. Lilly is an Indiana corporation with its principal place of business located in Indianapolis, Indiana.

2. Valeant is a Delaware corporation with its principal place of business located in Aliso Viejo, California.

3. Valeant does business in the State of Indiana and otherwise has contacts with the State of Indiana that make it subject to personal jurisdiction in this State.

### Jurisdiction and Venue

4. Lilly is a citizen of the State of Indiana. 28 U.S.C. § 1332(c)(1).

5. Valeant is a citizen of the State of California. 28 U.S.C. § 1332(c)(1).

1

I/2504589.1

6. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §1332. The dispute arises between citizens of different states, and the amount in controversy exceeds the sum of value of $75,000.00, exclusive of interest and costs.

7. Venue is proper in the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## Factual Background

8. At all relevant times, Lilly was the manufacturer of the pharmaceutical product pergolide mesylate, U.S. trade name Permax® ("Permax").

9. At various times, Lilly licensed certain rights with regard to Permax to third parties, including Valeant.

10. In April 1993, Lilly granted Athena Neurosciences, Inc. ("Athena") an exclusive license to use, promote, market, and sell Permax in the United States.

11. Effective January 1, 1999, Athena assigned all of its rights, obligations, and interest with regard to Permax to Élan Pharmaceuticals, Inc. ("Élan").

12. In May 2001, Élan granted Amarin Corporation plc ("Amarin plc") an option to secure all of Élan's rights, obligations, and interest in Permax from Élan.

13. In March 2002, Amarin plc exercised its option to secure and assume all of Élan's rights, obligations and interest in Permax.

14. On February 25, 2004, Lilly, Valeant, and Amarin plc entered into an agreement whereby Lilly consented to Amarin plc assigning all of its rights and obligations regarding Permax to Valeant ("Lilly/Valeant Agreement").

15. Contemporaneously with the Lilly/Valeant Agreement, Amarin plc and Valeant entered into an Assignment and Assumption Agreement regarding Permax.

16. The Lilly/Valeant Agreement addressed, *inter alia*, the sharing of costs by Lilly and Valeant associated with product liability claims alleged to have been caused by use of Permax sold in the United States ("Product Liability Claims").

17. Lilly and Valeant agreed to share costs associated with Product Liability Claims on a variable percentage basis, with each party's share of such costs determined exclusively by the date on which Lilly or Valeant first receives written notice evidencing a person's intent to make a Product Liability Claim.

## COUNT I – DECLARATORY JUDGMENT

18. Lilly realleges the allegations contained in Paragraphs 1-17 as if fully set forth herein.

19. On or about March 14, 2008, Valeant, through counsel, stated that Valeant's cost-sharing obligations under the Lilly/Valeant Agreement arise only if the Product Liability Claim at issue was caused by Valeant's misconduct.

20. On or about March 14, 2008, Valeant refused to honor its cost-sharing obligations under the Lilly/Valeant Agreement with regard to a particular Product Liability Claim.

21. There are additional pending Product Liability Claims that are subject to the cost-sharing provisions of the Lilly/Valeant Agreement.

22. Lilly disputes Valeant's interpretation of the cost-sharing provisions of the Lilly/Valeant Agreement, and a present controversy exists between the parties as to their respective rights and obligations under the Lilly/Valeant Agreement such that the issuance of declaratory relief is appropriate.

## COUNT II – BREACH OF CONTRACT

23. Lilly realleges the allegations contained in Paragraphs 1-22 as if fully set forth herein.

24. The Lilly/Valeant Agreement is a valid and binding contract between Lilly and Valeant.

25. Valeant breached the Lilly/Valeant Agreement by failing to share costs, as required by the Lilly/Valeant Agreement, associated with a Product Liability Claim.

26. Lilly has been damaged by Valeant's breach of the Lilly/Valeant Agreement.

## COUNT III – PROMISSORY ESTOPPEL

27. Lilly realleges the allegations contained in Paragraphs 1-26 as if fully set forth herein.

28. Valeant made promises during the negotiation and execution of the Lilly/Valeant Agreement which are reflected in the document that was signed by the parties.

29. Valeant reasonably expected the promises to induce action or forbearance on the part of Lilly.

30. Lilly reasonably relied on Valeant's promises and acted to its detriment, including when Lilly forbore its right to challenge the assignment of Amarin Corporation plc's licensing rights in Permax to Valeant, when it agreed to compromise its claim against Amarin, and when it made certain payments and incurred certain costs in the course of defending the Permax Product Liability Claims.

31. If Valeant's argument that the Lilly/Valeant Agreement fails for lack of consideration prevails, then Valeant's promises as reflected in the Lilly/Valeant Agreement are nevertheless binding because injustice will be avoided only by enforcement of the promises.

## COUNT IV – UNJUST ENRICHMENT

32. Lilly realleges the allegations contained in Paragraphs 1-31 as if fully set forth herein.

33. Valeant's promises as reflected in the Lilly/Valeant Agreement induced Lilly to engage in certain conduct and make certain payments.

34. Lilly's conduct and payments have enriched Valeant at Lilly's expense.

35. There is no justification for Valeant's receipt of the benefits provided by Lilly without Valeant paying for such benefits.

36. If Valeant's argument that the Lilly/Valeant Agreement fails for lack of consideration prevails, then Lilly is entitled to this equitable remedy because there may be no remedy provided by law to prevent Valeant's unjust enrichment.

WHEREFORE, Lilly prays that the Court enter judgment as follows:

a. Declaring that Valeant's cost-sharing obligations under the Lilly/Valeant Agreement are based exclusively upon the date on which either party first receives written notice evidencing a person's intent to make a Product Liability Claim;

b. Declaring that Valeant's cost-sharing obligations under the Lilly/Valeant Agreement survive Valeant's dismissal on the merits, or prevailing on the merits, of a litigated Product Liability Claim;

c. Awarding Lilly damages to compensate it for Valeant's breach of contract, including but not limited to actual damages and pre-and post-judgment interest thereon;

d.  Awarding Lilly compensatory damages, and pre and post-judgment interest thereon;

e.  Awarding Lilly its reasonable costs for this action; and

f.  Granting Lilly all other just and proper relief.

Respectfully Submitted,

ICE MILLER LLP

*Mary N. Larimore*
Mary Nold Larimore
Rebecca J. Seamands
Phillip R. Scaletta
Kimberly C. Metzger
One American Square, Suite 2900
Indianapolis, Indiana 46282-0200
*Attorneys for Plaintiff Eli Lilly and Co.*