# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:08-cv-1720-TWP-TAB |
| | ) |
| VALEANT PHARMACEUTICALS INTERNATIONAL, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON VALEANT'S MOTION TO RECONSIDER

This matter is before the Court on Valeant Pharmaceuticals International's ("Valeant") Motion to Reconsider the Magistrate Judge's February 4, 2010 Order ("Order"). The facts of this case are well known to the Court, Valeant, and Eli Lilly and Company ("Lilly"). The Court need not rehash them at this time.

### A. Standard of Review

Under Fed. R. Civ. P. 72(a), the Court must "modify or set aside any part of [the magistrate judge's] order that is clearly erroneous or is contrary to law." A ruling is clearly erroneous "if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). This is obviously a deferential standard; the district court may not reverse the magistrate judge's decision simply because he or she would have arrived at a different conclusion. *See Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006).

### B. Discussion

Valeant argues that the Court's Order is erroneous for three reasons:

First, in connection with Valeant's Document Request Nos. 5 and 6, the Court held that

Lilly can redact privileged information from its invoices. This holding is directly contrary to well-established case law that provides a party must produce unredacted invoices when it seeks attorneys' fees as an element of damages. Valeant is aware of no contrary authority, nor did Lilly provide any in the briefing on this motion. Indeed, the Court's *sua sponte* holding that the invoices could be redacted, was not even addressed by the parties at the hearing.

Second, the Court erred in failing to require Lilly to produce a privilege log in response to Document Request No. 11. Although the Court's written Order does not address this issue, the Court orally stated that Lilly would not be required to produce a privilege log, nor has Lilly done so, in connection with the documents it produced in response to Request No. 11. Rule 26 and case law in the Seventh Circuit unequivocally requires production of a privilege log.

Third, the Court erroneously denied Valeant's motion to compel documents responsive to Document Request No. 14. Valeant is entitled to the work product for which Lilly seeks to charge Valeant on two independent grounds. Lilly waived any applicable privilege by placing its work product "at issue." Also, the common interest doctrine provides that Valeant is entitled to the work product.

Each argument is addressed separately below.

1. **Redacting Legal Invoices**

The Court's Order provides, "Valeant is entitled to attorney billing statements, *which may be redacted* as needed to preserve the privileges at issue." (Dkt. 84 at 5) (emphasis added). Valeant argues that because attorneys' fees lie at the heart of this dispute, this ruling is contrary to law and, in turn, it is entitled to unredacted invoices. Valeant cites a slew of cases to bolster its position. Lilly, of course, vehemently disagrees, citing its fair share of authority. The Court believes that the Magistrate Judge's ruling was well within the bounds of the law. *See, e.g., Barlow v. General Motors Corp.*, 2008 WL 906169, at *4 (S.D. Ind. March 31, 2008); *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 286 (7th Cir. 2002) ("In the unlikely event that some confidential information is contained in the [fee] applications, that information can be whited out."); *Global Finance, LLC v. Pay Pro Card Corp.*, 2008 WL 4663900, at *2 n.5 (M.D. Fla. Oct. 20, 2008) ("Plaintiff's

2

counsel's billing records are redacted in places to avoid divulging information protected by either the work product doctrine or the attorney-client privilege. This practice is appropriate."). Lilly has represented to the Court that its redactions are minimal, reflected in a privilege log, and necessary to prevent the disclosure of its attorneys' thought processes. Given the applicable case law, the sacrosanct nature of attorney strategy, and the deferential standard of review, the Magistrate Judge's ruling is **AFFIRMED**.

**2. Privilege Log**

Next, Valeant argues that the Magistrate Judge erred by not requiring Lilly to produce a privilege log for documents responsive to Valeant's Request No. 11, which sought documents related to Lilly's analysis of the potential link between valvular heart disease and Permax. Given the tenuous connection between the requested documents and the core issues of the case, the Court's Order ruled that Lilly – by producing 11,000 documents in this litigation and over 300,000 in separate litigation – had adequately responded to Request No. 11, even without a privilege log. Valeant protests that this ruling is inherently contrary to law, highlighting the Seventh Circuit's "document-by-document" approach to privilege logs. *See, e.g., Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 480-81 (N.D. Ind. 2009). Stripped of its context, Valeant's argument might carry the day. In reality, however, requiring Lilly to prepare a privilege log for documents that are marginally relevant to this garden-variety contract dispute would be unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii) (the Court "must limit the frequency or extent of discovery otherwise allowed by these rules. . . if it determines that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the

discovery in resolving the issues."). Using these variables, the Court believes that a cost-benefit analysis decidedly cuts in favor of the Magistrate Judge's decision. Accordingly, the ruling is **AFFIRMED**.

**3.      Request for Production No. 14**

Finally, Valeant asserts the Magistrate Judge erred in denying Valeant's Motion to Compel Production Request No. 14. Lilly maintains the request sought documents protected by the work product doctrine. Valeant proffers two arguments as to why it is entitled to these materials. First, Valeant claims that if it must pay for the work under the agreement between the parties, then it has the right to have the work under the "common interest doctrine." Secondly, Valeant argues that Lilly has waived any work product privilege.

   a.      Common Interest Doctrine

The common interest doctrine provides that documents are discoverable between two parties that later become adverse if those documents were prepared pursuant to a common interest for the benefit of both parties. Valeant argues that if there is work product that Lilly contends was prepared for Valeant's benefit and for which Lilly seeks to charge Valeant in this litigation, Valeant is entitled to review it. Alternatively, Valeant contends that if Lilly refuses to produce such documents, then it should be prohibited from arguing that the work benefitted Valeant.

Valeant asserts that because the Ice Miller work product benefitted both Lilly and Valeant, Valeant is entitled to the production of documents responsive to Document Request by virtue of the common interest doctrine. However, for Product Liability Claims, Lilly and Valeant retained both joint counsel who communicated with and represented both parties, and also retained independent counsel who communicated with and represented exclusively one party. The common interest

exception to the work product privilege however contemplates situations more akin to "communication by the insured under a liability insurance policy *to the attorney employed by the insurance company to represent both the company and the insured.*" *Owens-Corning Fiberglas Corp. v. Allstate Ins. Co.*, 660 N.E.2d 765, 769 (Oh. Ct. Cmm. Pleas.1993).

The Magistrate Judge found that: "[T]he Court is not convinced that the parties' interests are so common as to permit application of the doctrine ... [T]his case does not involve dual representation; Lilly and Valeant retained separate counsel." (Dkt. 84 at 4). The Court agrees and finds that the concurrent obtainment of independent counsel by *both* parties evidences that the joint benefit conferred upon both parties was exclusively garnered by joint representation. The independent counsel retained by both parties related to their own independent strategies against product liability claims. This circumstance, does not give rise to the application of the common interest doctrine. In this regard, the Court finds the Magistrate Judge's finding is well supported and does not constitute clear error or a contradiction of law.

b. Waiver

Valeant next contends that Lilly has placed both the nature and the reasonableness of the amount of its legal fees at issue simply by virtue of the fact that it is seeking attorneys' fees that it claims benefitted Valeant. "[A] party puts the reasonableness of the attorneys' fees at issue . . . by claiming such fees as an item of damages . . . ." EDNA SELAN EPSTEIN, THE ATTORNEY-CLIENT PRIVILEGE AND THE WORK-PRODUCT DOCTRINE 123 (5th ed. 2007). Valeant, however, has not sufficiently demonstrated that the Magistrate Judge's determination that work product was not necessary to evaluate reasonableness, was clearly erroneous or contrary to law.

The Magistrate Judge found that Lilly had not put the reasonableness of the fees squarely "at

5

issue." "Rather, Lilly simply claims that the contract covers these fees-irrespective of whether the fees are reasonable". Because the Court's Order on Lilly's Motion for Partial Summary Judgment has established that Product Liability Claims do not involve indemnification (Dkt. 234), determination of reasonable attorney's fees becomes solely a procedural issue governed by federal law. *See Oldenburg Group Inc. v. Frontier-Kemper Constructors, Inc.*, 597 F.Supp.2d 842, 847 (E.D.Wis. 2009).

As stated by the Magistrate Judge, both Valeant and the Court will be privy to billing statements and invoices, which will illuminate the reasonableness or unreasonableness of Lilly's fees. Valeant has not provided sufficient argumentation to convince this Court that the Magistrate Judge's ruling should be reversed. As previously stated, the district court will not reverse the magistrate judge's decision simply because he or she would have arrived at a different conclusion. Given the varying case law, and the deferential standard of review, the Magistrate Judge's ruling is **AFFIRMED**.

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's Order on Defendant's Renewed Motion To Compel (Dkt. 84) is affirmed in all respects and Valeant's Motion to Reconsider (Dkt. 87) is **DENIED**.

SO ORDERED.

Date: 02/15/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

Elizabeth Abbene Coleman
JENNER & BLOCK, LLP
ecoleman@jenner.com

Larry Gene Evans
HOEPPNER WAGNER & EVANS LLP
levans@hwelaw.com

Audra Jae Ferguson-Allen
ICE MILLER LLP
audra.ferguson-allen@icemiller.com

Casey T. Grabenstein
JENNER & BLOCK LLP
cgrabenstein@jenner.com

F. Joseph Jaskowiak
HOEPPNER WAGNER & EVANS LLP
jjaskowiak@hwelaw.com

Mary Nold Larimore
ICE MILLER LLP
larimore@icemiller.com

Kimberly C. Metzger
ICE MILLER LLP
kimberly.metzger@icemiller.com

Phillip R. Scaletta
ICE MILLER
scaletta@icemiller.com

Rebecca J. Seamands
ICE MILLER LLP
seamands@icemiller.com

Lise T. Spacapan
JENNER & BLOCK, LLP
lspacapan@jenner.com

Nathaniel M. Uhl
ICE MILLER LLP
nate.uhl@icemiller.com

Melanie F.A. Vitalis
ICE MILLER LLP
melanie.vitalis@icemiller.com

L. Alan Whaley
ICE MILLER LLP
whaley@icemiller.com