UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:08-cv-01720-TWP-TAB |
| ) | |
| VALEANT PHARMACEUTICALS ) | |
| INTERNATIONAL. ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON PLAINTIFF'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT

This case comes before the Court on Plaintiff Eli Lilly and Company's ("Lilly"), Motion for Partial Summary Judgment seeking preclusion on Defendant Valeant Pharmaceuticals International's ("Valeant") ability to recover its defense costs incurred in product liability claims relating to Permex and/or use them as a set off against Lilly's damages. Lilly's Motion for Partial Summary Judgment is **DENIED**.

I. FACTUAL BACKGROUND

A complete and thorough factual background can be found in the companion Order regarding Lilly's First Motion for Partial Summary Judgment (Dkt. 44), however the Court will briefly restate the facts specifically related to the Motion before the Court today (Dkt. 95).

On March 26, 2009, the parties tendered their Case Management Plan. On April 03, 2009, the Case Management Plan Order was docketed and Lilly's Motion to Bifurcate was overruled. On December 15, 2009, Lilly tendered its Second Request for Production, requesting evidence related to legal fees and expenses related to Product Liability Claims defense. In

response, Valeant restated its position and objection to production, asserting that Valeant was not seeking reimbursement for these items. On December 23, 2009, Valeant filed a Renewed Motion to Compel which stated:

> Lilly has tried to make much of Valeant's statement in its Confidential Settlement Demand that "[w]hile Valeant disputes that it is obligated to share the cost of Lilly's legal fees, it is not waiving its right to recover its own defense costs should this Court determine otherwise." But Valeant recognizes that after the court rules on this matter, Valeant would, if it unexpectedly lost on this point, need to seek leave of Court to supplement and seek recovery of Valeant's own national counsel fees. Under this hypothetical circumstance, Lilly would of course be free to argue that it is too late and Valeant should not be permitted to do so. That is simply a scenario Valeant does not expect to happen, but recognizes the risks involved. Try as it might, Lilly cannot turn this case into one where Valeant is seeking national counsel fees from Lilly—because Valeant is not.

(Dkt. 67, Valeant's Renewed Motion to Compel at p. 8).

Lilly contends that despite the Court's Order regarding damages discovery and multiple discovery requests, Valeant has not produced evidence relating to its Permax® Product Liability Claims expenses or attorneys fees. Lilly argues that by 'thwarting' its efforts to discover Valeant's defense costs, and arguing it will neither seek reimbursement nor seeks to set-off against Lilly's damages, Valeant should be precluded from asserting rights to such defense costs.

The background pertinent to the Motion before the Court culminates with recitation by Lilly of four statements made by Valeant throughout the course of their dealings:

(1) "Try as it might, Lilly cannot turn this case into one where Valeant is seeking national counsel fees from Lilly—because Valeant is not;"

(2) "Valeant is not seeking reimbursement for its attorneys' fees for Permax Product Liability Claims;"

(3) "Valeant does not believe that the contract contemplates the reimbursement of national counsel fees. Furthermore, Valeant is not seeking such reimbursement from Lilly;" and

2

(4) "Valeant makes no claim for its national counsel fees incurred to-date, either affirmatively or as an offset against the national counsel fees Lilly seeks. Thus, Valeant's legal fees have no bearing on the calculation of Lilly's damages."

Additional facts will be added as needed.

## II.     LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure governs summary judgment. Under Rule 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and that Lilly is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). As articulated by the Supreme Court, "summary judgment is not a disfavored procedural shortcut, but rather an integral part of the federal rules as a whole." *Id*. at 327. In ruling on a motion for summary judgment, the admissible evidence presented by the non-movant must be believed and all reasonable inferences must be drawn in her favor. *Zerante v. DeLuca*, 555 F. 3d 582, 584 (7th Cir. 2009).

The party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion. *Celotex*, 477 U.S. at 323. When the moving party produces proper support of its motion, the burden then shifts to the non-moving party. It is not enough for the non-movant merely to raise factual arguments that cast "some metaphysical doubt as to the material facts." *Baker v. Elmood*, 940 F. 2d 1013 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). A party who bears the burden of proof on a particular issue … must affirmatively demonstrate, through specific factual allegations, that there is a genuine issue of material fact that requires trial. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007) (citation omitted).

III.     DISCUSSION

Lilly contends that Valeant's failure to produce documents or information relating to attorneys' fees, expenses, or other costs of defending Permax® Product Liability Claims has precluded Valeant from asserting any rights to these costs based upon the theories of waiver, judicial admissions, and estoppels.

**A. Waiver**

Lilly seeks to establish that the aforementioned statements constitute waiver of Valeant's ability to seek fees and costs associated with defense of the Product Liability Claims. "Waiver is the voluntary and intentional relinquishment of a known right "either conferred by statute or secured by contract." *Roam-Tel Partners v. AT&T Mobility Wireless Operations Holdings Inc.*, 2010 WL 5276991, at *9 (Del.Ch. Dec. 17, 2010); *see also Realty Growth Investors v. Council of Unit Owners,* 453 A.2d 450, 456 (Del. 1982). A waiver may be express or implied, but either way, it must be unequivocal. *DiRienzo v. Steel Partners Holdings, L.P.*, 2009 WL 4652944, at *4-5 (Del.Ch. Dec. 8, 2009). An express waiver exists where it is clear from the language used that the party is intentionally renouncing a right that it is aware of where no express language is used, an implied waiver of a right is possible, but only if there is 'a clear, unequivocal, and decisive act of the party demonstrating relinquishment of the right.' *Id*. The asserting party must also prove that the waiving party had actual or constructive notice of this known right. *Julian v. Eastern States Con*st. *Service, Inc*., 2009 WL 1211642, at *8 (Del. Ch. May 5, 2009).

This case stems from two sophisticated companies seeking judicial intervention regarding the proper interpretation of a contract and the resulting rights and responsibilities designated to each party. Lilly purports that Valeant has voluntarily and intentionally waived a *known* right regarding its ability to recoup fees and costs associated with this particular claim, which is at the

4

heart of the claim that gave rise to these proceedings. The Court is not persuaded. Valeant's statements are far from unequivocal as Valeant attached a disclaimer to the statements. The Court does not find an implied waiver as the act relied on to constitute the waiver must be clear, unequivocal and decisive. Valeant has previously stated, "[w]hile Valeant disputes that it is obligated to share the costs of Lilly's legal fees, it is not waiving its right to recover its own defense costs should this Court determine otherwise." Reasonable minds might differ as to the inferences to be drawn from the undisputed evidence; therefore the issue remains a question of fact. Further, the Court finds insufficient evidence to support the contention that Valeant voluntarily and intentionally as a matter of law waived its right to recoup its own defense costs.

### B. Judicial Admissions

Lilly further argues that Valeant's statements constitute judicial admissions and resultantly bar Valeant from seeking reimbursement for its "national counsel fees" from Lilly. "Voluntary and knowing concessions of fact made by a party during judicial proceedings (e.g., statements contained in pleadings, stipulations, depositions, or testimony; responses to requests for admissions; counsel's statements to the court) are termed 'judicial admissions.'" *Merritt v. United Parcel Service*, 956 A. 2d 1196, 1201 (Del. 2008). Although not itself evidence, a judicial admission has the effect of withdrawing a fact from contention. *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001).

The scope of a judicial admission by counsel is restricted to unequivocal statements as to matters of fact which otherwise would not require evidentiary proof - it does not extend to counsel's statements of their conception of the legal theory of a case, i.e., legal opinion or conclusion. *AT&T Corp. v. Lillis,* 953 A. 2d 241, 257 (Del. 2008). Judicial admissions apply only to admissions of fact, not to theories of law, such as contract interpretation. *Id*.

Here, the Court finds that Valeant's statements, taken in full context, regard its theory of the case and do not rise to judicial admissions. Valeant has held the position that it interprets the contract as *not* providing for the sharing of "national counsel fees" *and therefore,* was not seeking reimbursement from Lilly of these fees. This position relates primarily to Valeant's interpretation of the contract - distinguishable from relating to an element necessary for a claim, as in *Martinez* or *Merritt*. Valeant's statements do not constitute a knowing concession of fact; therefore Valeant has not made the type of judicial admission that would remove this issue from contention.

### C. Estoppel

Lastly, Lilly argues that if Valeant were to assert its right to recover on its defense costs, in any capacity, such reversal of position would be barred by both judicial and equitable estoppel. The Court will address each in turn.

<u>a. Judicial Estoppel</u>

Judicial estoppel acts to preclude a party from asserting a position inconsistent with a position previously taken in the same or earlier legal proceeding. *Motorola, Inc. v. Amkor Tech., Inc.*, 958 A. 2d 852, 859 (Del. 2008). Judicial estoppel must be applied with caution and in the narrowest of circumstances and with clear regard for the facts in the particular case.

"The primary determination is whether a party is attempting to 'establish an inconsistent or different cause of action arising out of the same occurrence.'" *Id*. Judicial estoppel prevents litigants from advancing arguments, having the court rely on these arguments as basis for its ruling, and then taking a position that contradicts its previous argument that the court relied upon. *Id*. Judicial acceptance or reliance means only that the first court has *adopted* the position urged by the party, either as a preliminary matter or as part of a final disposition." *Teledyne*

*Industries, Inc. v. N.L.R.B.* 911 F.2d 1214, 1218 (6th Cir. 1990) (emphasis added) (internal citations omitted). An additional consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Julian v. Eastern States Const. Service, Inc.*, 2009 WL 1211642, at *6 (Del.Ch. May 5, 2009).

Lilly argues that each element required to trigger judicial estoppel has occurred here. Lilly asserts (1) that Lilly sought to delay discovery regarding damages by submitting to the Court, a Motion to Bifurcate liability and damages (Dkt. 48); (2) that Valeant asserted its opposition to Lilly's Motion, and (3) based upon the arguments provided for by Valeant, the Court denied Lilly's Motion, (Dkt. 64). In the original Case Management Plan, Lilly proposed bifurcation and Valeant opposed.

In the Case Management Order (Dkt. 30), the Court stated simply that the Court 'overruled Plaintiff's proposal for bifurcation.' The Order did not state its reasoning or rationale for the denial - simply that it overruled the proposal. This becomes important when considering the Court's subsequent Order on Discovery Motions (Dkt. 64). In this Motion the Court stated, "Valeant is correct that the Magistrate Judge has already overruled Lilly's bifurcation proposal … [t]his ruling will not be revisited here." This is not sufficient recitation of Valeant's position to allow a reasonable inference of reliance by the Court.

### b. Equitable Estoppel

In order to demonstrate equitable estoppel under Delaware law, a party must show: (1) a lack of knowledge of the truth of the facts in question, (2) reliance on the conduct of the party against whom estoppel is claimed, and (3) a prejudicial change of position as a result of the reliance. *Waggoner v. Laster*, 581 A.2d 1127, 1136 (Del. 1999). Simply stated, "[t]he doctrine

7

of equitable estoppel arises when, by its conduct, a party intentionally or unintentionally leads another, in reliance on that conduct, to change position to his detriment:" *Roam-Tel Partners*, 2010 WL 5276991, at *9.

Lilly contends that if Valeant were to assert this new position it would result in a fatal inconsistency and Valeant would gain an unfair advantage. Lilly characterizes this unfair advantage as Valeant's following actions: strenuously opposing the bifurcation of liability and damages discovery, and consequentially forcing production by Lilly of evidence related to Product Liability Claims and then subsequently simultaneously availing itself of the relief granted by the Court yet avoiding the same relief sought by Lilly. Additionally, among other things, in reliance on Valeant's representations, Lilly did not file a motion to compel Valeant to produce these materials. The Court is not persuaded.

Not only did Lilly have knowledge of Valeant's desire to potentially seek its own defense costs, but it made its own choice not to file a motion to compel. The most glaring of insufficiencies is the final requirement of prejudicial change in position. At this juncture of the proceedings, the Court is not persuaded that Lilly has been prejudiced. Lilly will have ample opportunity to argue prejudice. The best case scenario for Lilly is that the Court would deny a motion to re-open discovery; the worst case scenario is that the Court would re-open limited discovery and Valeant's invoices and other evidence of its costs of defense would be produced. Lilly would then be free to request additional time to properly examine the documents.

Genuine issues of material fact remain. The doctrines of waiver, judicial admission, judicial estoppel and equitable estoppel, do not preclude Valeant, as a matter of law, from attempting to assert and set-off defense costs and to recoup a portion of its attorneys' fees in the future.

## CONCLUSION

For the aforementioned reasons, Lilly's Motion for Partial Summary Judgment (Dkt. 95), on Valeant's Counterclaim to recover a portion of defense cost as a set-off against any damages to which Lilly may be entitled is hereby **DENIED**.

SO ORDERED.

Date: 02/15/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

**Elizabeth Abbene Coleman**
JENNER & BLOCK, LLP
ecoleman@jenner.com,docketing@jenner.com,cmurray@jenner.com

**Larry Gene Evans**
HOEPPNER WAGNER & EVANS LLP
levans@hwelaw.com,llangbehn@hwelaw.com

**Audra Jae Ferguson-Allen**
ICE MILLER LLP
audra.ferguson-allen@icemiller.com

**Casey T. Grabenstein**
JENNER & BLOCK LLP
cgrabenstein@jenner.com

**F. Joseph Jaskowiak**
HOEPPNER WAGNER & EVANS LLP
jjaskowiak@hwelaw.com,tbugajski@hwelaw.com

**Mary Nold Larimore**
ICE MILLER LLP
larimore@icemiller.com,kennedym@icemiller.com

**Kimberly C. Metzger**
ICE MILLER LLP
kimberly.metzger@icemiller.com,Tonya.Thompson@icemiller.com

**Phillip R. Scaletta**
ICE MILLER
scaletta@icemiller.com

**Rebecca J. Seamands**
ICE MILLER LLP
seamands@icemiller.com,alley@icemiller.com

**Lise T. Spacapan**
JENNER & BLOCK, LLP
lspacapan@jenner.com

**Nathaniel M. Uhl**
ICE MILLER LLP
nate.uhl@icemiller.com,Shannon.Waggoner@icemiller.com

**Melanie F.A. Vitalis**
ICE MILLER LLP
melanie.vitalis@icemiller.com,tonya.hill@icemiller.com

**L. Alan Whaley**
ICE MILLER LLP
whaley@icemiller.com